### Lee Arnwine v. The State.

No. 3403. Decided December 12, 1906.

**Murder—Reputation of Deceased—Communicated and Uncommunicated Threats.**

Upon trial for murder, it was error to permit the State to prove the character of the deceased for being a peaceable and quiet man, upon uncommunicated threats. Brooks, Judge, dissenting.

Appeal from the District Court of Cherokee. Tried below before the Hon. James I. Perkins.

Appeal from a conviction of murder; penalty, ten years imprisonment in the penitentiary.

The opinion states the case.

*Willson & Watkins,* for appellant.

*J. E. Yantis,* Assistant Attorney-General, for the State.

BROOKS, JUDGE.—Appellant was convicted of murder in the second degree, and his punishment fixed at ten years confinement in the penitentiary. This is the second appeal, and is a companion case to that of Arnwine v. State, 96 S. W. Rep., 4. The questions raised in this record in the main are the same as in the companion appeal. However, not being present when the opinion was delivered, I desire to discuss one question. Appellant in this case as well as in the companion appeal, objected to the State proving the character of the deceased for being a peaceable and quiet man. The objection being that appellant had not attacked the deceased's reputation, nor had he proved communicated threats of deceased. The majority of the court hold that testimony of character under the circumstances stated, would not be admissible, because the threats were uncommunicated, and cites article 713, Penal Code, to sustain this insistence. And also Russell v. State, 11 Texas Crim. App., 288; Rhea v. State, 37 Texas Crim. Rep., 138; Sims v. State, 38 Texas Crim. Rep., 642. Article 713, reads, as follows: "Where a defendant accused of murder seeks to justify himself on the ground of threats against his own life, he may

be permitted to introduce evidence of the threats made, but the same shall not be regarded as affording a justification for the offense unless it be shown that at the time of the homicide the person killed by some act then done manifested an intention to execute the threat so made. In every instance where proof of threats has been made it shall be competent to introduce evidence of the general character of the deceased. Such evidence shall extend only to an inquiry as to whether the deceased was a man of violent or dangerous character, or a man of kind and inoffensive disposition, or whether he was such a person as might reasonably be expected to execute a threat made."

A casual inspection of this article will show that no just distinction can be made between communicated and uncommunicated threats provable on the part of appellant as a predicate for the State to introduce the character of the deceased for being a peaceable and law-abiding citizen. The fact that the threats were communicated, does not render the evidence any the less or more an assault upon the character of the deceased. Or if the threats are uncommunicated it is none the less an assault upon the character of the deceased. The authorities cited above, do not, in my opinion, support the majority in making a distinction between communicated and uncommunicated threats; nor does the sheer fact that the statute says: "That defendant shall not justify on the ground of threats, unless there is some effort at the time of the killing on the part of the deceased to execute the threats." Certainly he could not act on uncommunicated threats in self-defense, but might act on communicated threats in self-defense —there being an overt effort or appearance of effort on the part of the deceased at the time of the homicide to execute the threat. But the sheer fact that he could not act upon threats uncommunicated in self-defense, does not render any kind of threats provable by deceased any more or any the less an attack upon the character of deceased for being a peaceable and law-abiding man. Suppose A goes all over town for a month, making violent threats to take the life of B. These threats are of the most outrageous and wanton kind. B meets A and kills him. To show on his part that deceased began the difficulty, he introduced all of these various and sundry uncommunicated threats as evidence of the fact that in all human probability deceased was the aggressor. This certainly would be an assault, and a serious assault upon the character of deceased, and would be equally as just a basis and predicate for proving that deceased was a peaceable and law-abiding man as if such threats had been communicated to appellant prior to the difficulty. The fact of the threats being an assault upon the character of deceased is not based upon the fact that the threats are communicated, but it is based upon philosophy and reason, suggesting that such threats, whether communicated or uncommunicated, are a direct and serious assault upon the character of deceased: which furnishes in each instance, and should furnish, a predicate for the State to introduce the character of the deceased. So

believing I cannot agree to the distinction laid down in the opinion in the companion case; but in deference to the opinion of the majority, the judgment in this case must be reversed for the reason insisted upon by appellant.

Appellant urges several criticisms to the charge of the court, which are discussed and held to be erroneous in the opinion in the companion case.

For the errors there discussed in said charge, and on account of the court permitting the State to prove the character of the deceased upon uncommunicated threats, the judgment in this case is reversed and the cause remanded.

*Reversed and remanded.*