## V. R. TOMS v. THE STATE.

No. 13554. Delivered October 8, 1930.
Reported in 31 S. W. (2d) 630.

The opinion states the case.

*Mathis & Mathis, E. H. Cavin,* and *Earle M. Manint,* all of Houston, for appellant.

*O'Brien Stevens,* Criminal District Attorney and *E. T. Branch,* both of Houston, and *A. A. Dawson,* State's Attorney, of Austin, for the State.

MORROW, PRESIDING JUDGE.—The offense is murder; punishment fixed at confinement in the penitentiary for a period of twenty-five years.

About two o'clock in the afternoon, Sam Smith and the appellant were gambling. They quarreled and drew knives. The appellant threw a brick and struck Smith, after which Toms fled and Smith pursued with a knife in his hand. They later met and Toms shot Smith with a pistol, inflicting a wound in the abdomen from which he died.

The evidence is conflicting. Toms testified in his own behalf and his evidence raised the issue of self-defense. The State's witnesses controverted that theory. There was evidence that Smith had stated after the first encounter that he would kill Toms; that this was communicated to Toms, and Smith's conduct at the time was such as to indicate that he was going to execute his threat against Toms.

The issues were submitted to the jury in a charge against which no exceptions are addressed and no fundamental error is perceived. Instructions were given the jury on the law of self-defense in a written charge against which no objections were addressed at the time of the trial. On appeal it is claimed that the charge mentioned contains errors which are fundamental. The statutes of the State forbid the consideration on appeal of faults in the manner of submitting an issue unless *at the time of the trial* the attention of the trial judge is directed to the complaint before the charge is read to the jury and written exception reserved to his refusal to make correction. C. C. P., 1925, Art. 666.

From bill of exception No. 1, we infer that there was an effort upon the part of the accused, in the redirect examination of the

witness Holmes, to refresh her memory with reference to some matter which is not disclosed by the bill. No error is revealed by the bill.

From Bill No. 2, it appears that when the defendant's witness, Bessie Dabney, was cross-examined, she was required to testify whether or not Alma Edwards ran out and threw her arms around the defendant and begged him not to shoot Sam Smith's sister, and whether or not Alma Edwards was trying to prevent the defendant from shooting anybody else. From the recitals of the bill, we are unable to determine whether the inquiry was proper or not. The bill does not show, nor does it state, that the matter was not relevant to some issue in the case. The court having permitted it, the presumption on appeal is in favor of the correctness of the decision. The bill does not show the contrary.

Bill No. 3 is difficult to understand, but from it we gather that it challenges the accuracy of the ruling of the court with reference to certain questions that were propounded by State's counsel to the appellant upon cross-examination. The questions related to the same testimony given by the appellant's witness, Bessie Dabney. He was asked if Bessie Dabney had not made certain statements upon the witness-stand, to which he replied that she did not, or that he did not hear her do so. The bill is without any background so as to enable us to appraise its merits, if any. It does not disclose the bearing of the inquiry or the ruling of the court upon any issues involved in the case. We are therefore constrained to regard it as showing no error.

Bill No. 4 deals with the cross-examination of the appellant and consists of a number of questions, some of which were answered and which, in substance, related to the same matter as Bill No. 3.

Appellant insists that the evidence is fundamentally inadequate to show malice aforethought. The record is regarded such as to present a question for the jury touching the state of the appellant's mind at the time the fatal shot was fired. In his testimony and that of some of his witnesses there were mitigating facts. The influences that bear upon the mind of the accused in a criminal case and the effect thereof are peculiarly matters within the province of the jury. See Claxton v. State, 288 S. W. 445.

The judgment is affirmed.

*Affirmed.*