### LOYD SANDERS V. THE STATE.

No. 18918.   Delivered March 31, 1937.
Rehearing Denied May 12, 1937.

The opinion states the case.

*G. C. Harris,* of Greenville, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

KRUEGER, JUDGE.—Appellant was convicted of the offense of murder, and his punishment was assessed at confinement in the state penitentiary for a term of sixteen years.

The testimony adduced by the State shows that the deceased J. D. Emert was employed by Henry Snodgrass, who owned and operated a cotton gin, as a press hand. On the day of the alleged homicide the appellant, after having armed himself with a pistol, in company with his son carried a load of seed cotton to the gin. After the cotton had been ginned and when the deceased was engaged in tying the bale appellant went to the press and shot the deceased three times; then hurriedly walked down under the press where a twenty-five calibre pistol was subsequently found. It was shown by the State that said pistol or one exactly like it was seen in the possession of appellant's son sometime prior to the day of the homicide. It was also shown that appellant on several occasions made threats to kill the deceased and at one time offered to pay a party the sum of one hundred dollars to kill the deceased. Appellant's testimony raised the issue of self-defense. He also proved by his daughter that about four or five days prior to the homicide the deceased insulted her. Appellant testified, however, that he did not go to the press to see the deceased about the alleged insult to his daughter.

Appellant urged a number of objections to the court's charge which the court overruled. He also requested a great number of special instructions, all of which were refused except one. A careful examination of the court's charge in the light of the objections, together with the requested special

charge given, leads us to the conclusion that the charge was a full and fair application of the law to the issues raised by the testimony.

Bills of exception numbers one, two, and three complaining of the admission of certain testimony are without merit and are, therefore, overruled.

Bills of exception numbers four and five reflect the following occurrence. The district attorney on cross-examination of defendant propounded to him the following questions: "You testified before at the previous trial that that was the first time you ever carried a gun?" To which he replied, "To the gin." Q. "Anywhere?" "You had been carrying that gun all of the time before that?" To which he replied, "No sir." Q. "You remember the shooting scrape you had with Elwin Corn, don't you?"—to which appellant objected on the ground that it was an attempt on the part of the State to put his general reputation in issue. The court sustained the objection and at the request of appellant withdrew the same from the jury. Appellant contends, however, that the court could not effectively withdraw from the jury the prejudicial effect thereof. It appears from the bill that appellant had theretofore testified that he had never carried the pistol prior to the time of the alleged homicide. The State's object was to discredit his testimony by directing his attention to the incident mentioned with a view of having him admit that on the occasion inquired about he did have a pistol. We are of the opinion that the bill fails to show any error.

Bill of exception number six reflects the following occurrence. The State placed upon the witness stand one Gates Inman and propounded to him the following question: "What did Sanders say to you with reference to some other trouble?" —to which appellant objected on the ground that it had nothing to do with the issues in the case. The objection was overruled and the witness answered: "Well he said he and the damn Stocks family, the way I understood it, had been having some misunderstanding." The bill of exception is insufficient within and of itself to disclose any error in that it fails to set out sufficient facts and circumstances surrounding the matters presented as being objectionable to enable this court to properly appraise the bill. This court cannot tell from the bill of exception whether or not the testimony adduced and complained of tended to elucidate any issue; neither is it shown that appellant did not first inject the matter into the case. Hence it is obvious that the bill of exception fails to meet the require-

ments of art. 667, C. C. P., 1925, and the rule announced in the following cases: Wharton v. State, 117 Texas Crim. Rep., 439; Starland v. State, 116 Texas Crim. Rep., 423; Toms v. State, 116 Texas Crim. Rep., 503.

Bills of exception numbers seven and eight being in the same condition as bill number six, hereinabove discussed, are overruled for the same reason as there stated.

Bill of exception number nine complains of the testimony of Pauline Phillips who testified for the State that she was a graduate registered nurse employed at Dr. Barber's hospital at Winsboro; that she was so employed at the time Jim Emert was brought there for treatment; that while he was there being treated for gunshot wounds she nursed him until the time of his death; that the evening before he died he was conscious; that he said, "I think I am going to die, but I am not afraid to die. I am ready to die. I don't know why the man shot me. I don't know what he had against me."—to which appellant objected on the ground that it did not meet the requirements of the statute and did not show he was conscious of approaching death. The bill further shows that the above and foregoing statement was made by the deceased to the witness about four hours before he died. It is apparent from the testimony appearing in the bill that deceased was conscious of approaching death at the time he made the statement which brings it within the rule of a dying declaration. Hence the same was admissible. See Hunter v. State, 54 Texas Crim. Rep., 224; Francis v. State, 170 S. W., 779; Sims v. State, 36 Texas Crim. Rep., 154; Crockett v. State, 45 Texas Crim. Rep., 276.

The testimony complained of in bills of exception numbers ten and eleven was admissible. The objection went more to the weight than to its admissibility.

Finding no reversible error in the record, the judgment of the trial court is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—This motion for rehearing rests solely on the ground that reversible error is to be found in the action of the State's attorney in asking appellant,—as set

out in our original opinion,—if he did not remember a shooting scrape he had with Elwin Corn. We can not agree with appellant that the mere asking of this question should cause a reversal of this case. The jury were promptly instructed not to consider said question for any purpose, and unless the question asked be of such serious import, and the probable result from such asking be of such harmful effect as that an instruction such as was given could not be effective, we would not reverse. We have examined the cases cited by appellant in support of his motion. In Bowman's case, 265 S. W. Rep., 1038, we find a somewhat similar situation to what might have here appeared had the witness answered the question affirmatively and made no other explanation. In that case the question objected to was put before the jury, and they were instructed as to how they might appropriate same. We held the evidence not admissible,—and of course the charge wrong. Johnson v. State, 95 S. W. (2d) 968, exhibits a flagrant disregard for the ruling of the trial court who sustained the objections made by the defense, and reversal was predicated chiefly on what occurred following such ruling. Elizondo v. State, 94 S. W. (2d) 457, presents a case in which the harmful effect of the questions asked was obvious. In Coon v. State, 35 S. W. (2d) 419, we have a case in which the accused, on trial in a liquor case, was asked by the State on cross-examination if he did not have the reputation of being the best whisky maker in San Augustine County. Objection to this question was overruled, and no instruction was given the jury not to consider such question. The harmful character of the question was apparent. In the matter involved in the instant case the harmful character of the question is not apparent. Appellant had shot deceased with a pistol. The State's theory of the case evidently was that appellant placed a pistol in such position as to make it easily possible for deceased to have had same at the time of the shooting, and appellant took the witness stand and swore that deceased did have a pistol and was trying to use it, and that he shot in self-defense.

We are not combating the conclusion of the trial court, in effect, that the State should not have asked appellant,—after he had testified that this was the only pistol he had ever carried,—if he remembered a shooting scrape he had had at a former time,—but observe that objection was promptly sustained to this question, and the jury told not to consider said question for any purpose. However, and for aught we know from the record, a truthful and appropriate answer to the

question asked might have revealed that the other party mentioned in the question had assaulted appellant, and that he was perfectly justifiable in everything that occurred. In other words, there is nothing in the mere question asked which would be capable of such harm to the accused as would justify a reversal of his case. Criminal cases ought not to be reversed upon grounds not shown to have been violative of some mandatory statute, or upon grounds not reasonably calculated to cause harm to the accused.

Not being able to agree with appellant, the motion for rehearing is overruled.

*Overruled.*