## JOHNSON v. STATE.

No. 19184.

Court of Criminal Appeals of Texas.

Nov. 10, 1937.

Rehearing Denied Jan. 26, 1938.

twice on the head with a pistol and then shot him in the back while deceased was running away from appellant.

The motion for rehearing is overruled.

W. E. Myres, of Fort Worth, and H. J. Cureton, Jr., and W. E. Cureton, both of Meridian, for appellant.

Lloyd W. Davidson, State's Atty., of Austin, for the State.

MORROW, Presiding Judge.

The offense is murder; penalty assessed at confinement in the penitentiary for three years.

Upon an indictment charging murder with malice aforethought, the appellant was convicted of murder without malice.

This is the second appeal. The evidence adduced in the present case is not materially different from that which is adequately stated in the opinion on the former appeal. See Johnson v. State, 130 Tex.Cr.R. 596, 95 S.W.2d 968. A repetition of the evidence is not thought necessary; suffice it to say that the facts are deemed sufficient to support the conviction.

The rights of the appellant were fully protected in the charge of the court against which no objection was addressed.

In his motion for new trial appellant complains of certain misconduct of the jury in their deliberation. In overruling the motion the trial judge states that evidence was heard thereon. In the absence of such evidence this court must presume that the trial judge did not abuse the discretion vested in him by law.

Perceiving no error justifying a reversal, the judgment is affirmed.

## On Motion for Rehearing.

HAWKINS, Judge.

In his motion for rehearing appellant urges that the evidence is insufficient to support the judgment, but demonstrates that he was acting in self-defense. The question thus raised has made it necessary to again review the facts. We find ourselves unable to agree with appellant. It is not necessary to set the evidence out at length, but it is such as would support a finding by the jury that appellant was not acting in self-defense when he shot deceased, but that appellant had struck deceased