## AUSTIN FARRAR v. THE STATE.

### No. 2586.   Decided October 29, 1902.

**1.—Robbery Committed with Firearms—Special Venire.**

A robbery charged by the indictment to have been committed with firearms, is a capital felony; and defendant, in such a case, is entitled to a special venire unless he waives it.

**2.—Same.**

Defendant's failure, in a capital case, to call for a special venire prior to the overruling of his motion for continuance, is not tantamount to a waiver of his right to a special venire.

**3.—Same.**

The character of venire in a capital case is specially provided in the Code of Criminal Procedure, articles 642-681, and the obligation is upon the State, in the first·instance, to ask for this special venire; and, if the State fails to act in the matter, it is defendant's right to object to being tried in any other manner than by a special venire prior to his agreement to be tried by the regular jury for the week, notwithstanding he has not done so until his motion for continuance was overruled.

Appeal from the District Court of Navarro.   Tried below before Hon. L. B. Cobb.

Appeal from a conviction of robbery; penalty, thirty years imprisonment in the penitentiary.

On the 29th day of November, 1901, the grand jury of Navarro County presented a bill of indictment against Milton Grace and Austin Farrar, jointly, charging them with robbery by the use and exhibition of firearms, alleging that on or about the 17th day of October, 1901, Milton Grace and Austin Farrar, by the means alleged in the indictment, robbed William C. Oldham, etc. A warrant was issued and Milton Grace and Austin Farrar were arrested and placed in jail and remained in jail from the time of their arrest until the day of the trial. During the term of the court the case was set down for trial for the 5th day of May, 1902. At that date, a severance having been granted, Austin Farrar was put upon trial alone and was tried by the regular jury for the week.

*J. T. Williams,* for appellant.—The court erred in overruling defendant's application for a special venire and forcing him to be tried by the regular jury summoned for the week, defendant being charged with a capital offense, to wit, robbery by the use of firearms. Thus depriving defendant of the right to be tried by a fair and impartial jury.

The offense of robbery by the use of fire arms, or when a firearm is exhibited, is a capital offense, and must be tried by the same procedure as a murder case, and in no case can he be tried by the regular jury for the week, except he waives the special venire, and in this case he did not waive it. Rev. Code Crim. Proc., art. 654; Burries v. State, 35 S. W. Rep., 164; Clay v. State, 51 S. W. Rep., 370; Hunter v. State, 35 Texas Crim. Rep., 602, 31 S. W. Rep., 674; Kellum v. State, 24 S. W. Rep., 879; Ex parte Epps, 34 S. W. Rep., 113.

*Willie & Mayo,* also for appellant.—When the defendant's case was called for trial defendant announced that he was not ready, and therefore filed and presented his motion for a continuance, which the court overruled. He then applied for a severance of his case from that of Milton Grace, with whom he was jointly indicted. This was granted. He then claimed and asserted, not for the purpose of securing a continuance, his right to have the court order and summon a special venire, both verbally and by motion in writing, the charge against him being a capital offense, or that of robbery by the use and exhibition of a firearm. This the court refused defendant, upon the ground that it was too late to demand a special venire after presenting a motion for a continuance, and had thereby waived his right to the same.

The record nowhere shows the service provided in said article 654, but on the contrary shows that defendant was not tried at all by a special venire, but by the regular jury of the week, and it nowhere shows where defendant waived the service of the list of special veniremen, but on the contrary expressly shows his assertion of that right. Nor is it shown that he was on bail, but on the contrary has been in jail from the time of his arrest up to the present time. White's Code Crim. Proc., arts. 643, 644, 653, 654; Burries v. State, 36 Texas Crim. Rep., 14; Clay v. State, 51 S. W. Rep., 370; Steagald v. State, 3 S. W. Rep., 775; Hall v. State, 28 Texas Crim. App., 146; Foster v. State, 38 Texas Crim. Rep., 525; Bates v. State, 19 Texas, 123; Harvey v. State, 37 Texas, 365; Spur v. State, 2 Texas Crim. App., 246-254; Kellum v. State, 24 S. W. Rep., 897; Jones v. State, 28 S. W. Rep., 464; Hamilton v. State, 3 Texas Crim. App., 541; Hunter v. State, 31 S. W. Rep., 674. As to fundamental error: Lot v. State, 18 Texas Crim. App., 631.

Defendant must be tried by a legal jury.

*Rob't A. John,* Assistant Attorney-General, for the State.

HENDERSON, JUDGE.—Appellant was convicted of robbery, and his punishment assessed at confinement in the penitentiary for a term of thirty years; hence this appeal.

There is only one assignment of error that need be noticed. This involves the action of the court, as presented in bill of exceptions number 2, in refusing to try appellant with a special venire, but instead

forced him to trial before the regular jury for the week. We copy from the bill as follows: "The defendant, Austin Farrar, by his attorneys, moved the court as follows: 'Come now the defendant, Austin Farrar, in the above entitled and numbered cause, and here now before the impanelment of a jury requests and moves the court to issue its order for the convention of a special venire of not less than eighty good and lawful jurors to serve herein,'—which motion was by the court overruled, and to the action and ruling of the court in overruling said motion the defendant then and there excepted at the time by counsel. Defendant, furthermore, not only demanded verbally and by motion in writing the right to be tried by a special venire, but also claimed and asserted his legal and constitutional right to one day's service of a copy of the names of persons summoned under a special venire, before being tried, which said right was refused, and was in consequence compelled to go to trial by the regular jury selected for the week; to which action and ruling of the court defendant then and there excepted," etc. Which bill is approved with the following qualification by the court: "The request for special venire was not made until after the motion of defendant for continuance had been overruled and the jury called into the box." It will be seen from this that the court based his refusal to allow appellant a special venire on the fact that his request was not made until after the motion of defendant for continuance had been overruled and the jury called into the box. This was a capital case, as the indictment charged the robbery to have been committed with firearms (see Ex parte Epps, 35 Texas Crim. Rep., 406), and therefore appellant was entitled to a special venire unless he waived it. This he did not do, unless it be conceded that his failure to call for special venire prior to the overruling of the motion for continuance was a waiver. In Houillion v. State, 3 Texas Crim. App., 537, it is said: "If appellant remains silent as to a service of the special venire, and when called upon pleads to the indictment, and suffers the trial to proceed without objection, taking the chance of being acquitted by the jury, he will be presumed to have waived his right to a service of a copy of the same as provided by law." But in that case there was a special venire. Articles 643 and 644 of the Code of Criminal Procedure regulate the procedure with reference to the obtention of a special venire, the first authorizing an application by the State, and the last article authorizing an application on the part of the defendant. In Hall's case, 28 Texas Crim. App., 146, it appears that an order for special venire was made by the court on appellant's verbal motion without affidavit. So it would seem that the form of the motion is not regarded as essential. However that may be, it occurs to us that the fair interpretation of articles 642-681, Code of Criminal Procedure, is intended to provide the character of venire from which a jury in a capital case is to be selected, and that the obligation is cast upon the State in the first instance to ask for this special venire. The machinery for the trial of a capital case is provided by law, and it is the duty of the court primarily to see that the proper tribunal is selected.

We hold, if the State has not acted in the matter of securing a special venire, and if the court has not taken the steps to provide for this tribunal, it is appellant's right to object to being tried by any other than a special venire at any time prior to his agreeing to be tried by the regular jury. Of course, if he raises no objection, and no special venire has been summoned, and the regular jury for the week is called into the box, and he proceeds to the selection of jurors from this panel, he may be regarded as having waived his right to a special venire. But here, as we understand it, when he was first confronted with the jury, after his motion for continuance was overruled,—that is, when the jury for the week was called into the box,—he objected to being tried by that body, and insisted on a special venire. We hold that his objection was in time, and that there was no waiver of his right to a special venire. See this question discussed in Burries v. State, 36 Texas Crim. Rep., 14. "The law guaranties to persons charged with capital offenses the character of tribunal authorized and appointed by law to try them;" and because he was refused such a tribunal by the action of the court the judgment is reversed and the cause remanded.

*Reversed and remanded.*