### T. H. White v. The State.

No. 3853.    Decided December 1, 1915.

Rehearing denied January 5, 1916.

**1.—Theft of Cattle—Sufficiency of the Evidence.**

Where, upon trial of theft of cattle, the evidence was sufficient to support the conviction, there was no reversible error.

**2.—Same—Statement Before Trial—Nature of Defense—Statutes Construed.**

Where, upon trial from a conviction of theft of cattle, the appellant complained that the court refused to permit him to make a statement to the jury of the nature of the defense upon which he relied, but the bill of exceptions in no way states what he would have told the jury either as to his defense or the facts expected to be proved by him and showed no sort of injury to him, there was no reversible error on that ground; besides, the statute, article 717, Code of Criminal Procedure, is directory only and not mandatory. Following Holsey v. State, 24 Texas Crim. App., 35, and other cases; however, if the bill of exceptions had shown injury to appellant, there would be reversible error. Distinguishing House v. State, 75 Texas Crim. Rep., 338. Davidson, Judge, dissenting.

**3.—Same—Charge of Court—Ownership.**

Where appellant's complaint of the court's charge on ownership was untenable, there was no reversible error.

Appeal from the Criminal District Court of Harris. Tried below before the Hon. C. W. Robinson.

Appeal from a conviction of theft of cattle; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*Tharp & Tharp* and *Stevens & Stevens,* for appellant.—On question of statement before jury and that statute is mandatory: Wilkins v. State, 15 Texas Crim. App., 420; House v. State, 75 Texas Crim. Rep., 338, 171 S. W. Rep., 206; Campbell v. State, 42 Texas, 591.

*C. C. McDonald,* Assistant Attorney General, for the State.

PRENDERGAST, Presiding Judge.—Appellant was convicted of the theft of cattle and his punishment assessed at the lowest prescribed by law. The evidence was amply sufficient to sustain the conviction.

Appellant has a bill of exception, which, after stating the style and number of the cause and the court, states that on the trial, "after the indictment had been read to the jury, the defendant had plead 'not guilty' the testimony on the part of the State had been introduced and the State had rested its case; the defendant's counsel arose for the purpose of stating to the jury the nature of the defenses relied upon by the defendant and what were the facts expected to be proved in their support, whereupon the court of its own motion refused to permit counsel for defendant to make such statement and defendant's counsel was refused the privilege by the court of making the statement of the nature of the defense relied upon by the defendant and the facts expected to be proved in their support. To which ruling of the court the defendant then and there excepted and files this his bill of exceptions and prays that the same be allowed."

It will be seen by this bill that the appellant in no way states what he would have told the jury either as to his defense or the facts expected to be proved by him. In fact, the bill shows no sort of injury to him. Article 717, C. C. P., prescribes that, after the jury is empaneled, the cause shall proceed to trial in the following order: "3. The district attorney or the counsel prosecuting in his absence shall state to the jury the nature of the accusation and facts which are expected to be proved by the State in support thereof. 4. Testimony on the part of the State shall then be introduced. 5. The nature of the defenses relied upon shall be stated by counsel for the defendant and what are the facts expected to be proved in their support." We think this statute directory only and not mandatory. Holsey v. State, 24 Texas Crim. App., 35; Murray v. State, 21 Texas Crim. App., 466; Jackson v. State, 30 Texas Crim. App., 664; Hudson v. State, 28 Texas Crim. App., 323; Habel v. State, 28 Texas Crim. App., 588; Roberts v. State, 30 Texas Crim. App., 291. Notwithstanding said statute is directory and not mandatory, yet, if the bill in this case had shown any injury to appellant, we would reverse this case, for, under said statute, he had a right to state the defense he relied upon and what facts he expected to prove in support thereof, and the court should have permitted him to have made the statement in accordance with the statute, but as no sort of injury is pointed out by the bill and as we can not see from the whole record any injury occurred to him, no reversible error is shown. Our holding on this point is not in conflict with House v. State, 75 Texas Crim. Rep., 338, 171 S. W. Rep., 206, nor Owen v. State, 52 Texas Crim. Rep., 65, 105 S. W. Rep., 513.

We think appellant's complaint of the charge that Ben S. Davidson was not under the statute the owner of the stolen cattle and that, therefore, the court should direct a verdict for the defendant is untenable and his bill on this subject shows no error. (Art. 457, C. C. P., and authorities thereunder cited.)

The judgment is affirmed.

*Affirmed.*

DAVIDSON, JUDGE.—It is conceded that it was error not to permit appellant to make a statement of the nature of his case before the jury as provided by statute, but it is held the error is not of such importance as to require reversal. I can not concur. In the House case we held the court could not overrule the statute. The statute gives the right sought to be used and ought to be followed when demanded by the accused. I do not care to write at length.

[Rehearing denied January 5, 1916.—Reporter.]