### JAB HATTON V. THE STATE.

No. 11297.   Delivered January 25, 1928.

Rehearing denied March 7, 1928.

**1.—Rape—Continuance—No Diligence Shown—Properly Refused.**

Where appellant requested a continuance on account of the absence of two witnesses for whom process was not issued until the day of the trial, appellant claiming that his failure to use diligence was due to the fact that he thought a special venire would be drawn to try his case, and to his

surprise the prosecution waived the death penalty and called the case for trial before the regular panel. This fact would not excuse appellant for his failure to subpoena his witnesses.

**2.—Same—Right of Accused—To Special Venire—Rule Stated.**

While it is primarily the duty of the state to request the drawing of a special venire in capital cases, the right to make such demand is also possessed by the accused. This right may be demanded and enforced at the time the case is called for trial, and cannot be defeated by the statement of prosecuting attorney that he would waive the death penalty. See Art. 587, C. C. P., 1925, Kerley v. State, 89 Tex. Crim. Rep. 199.

**3.—Same—New Trial—Newly Discovered Evidence—Discretion of Court— Not Abused.**

Where appellant moved for a new trial on account of the newly discovered evidence of two witnesses, whose affidavits were attached to his motion, and it appears that said witnesses were present in the county on the day of the trial, and proper diligence was not used to secure their attendance, the presumption in favor of the correctness of the court's action in overruling the motion for a new trial is not overcome.

*ON REHEARING.*

**4.—Same—No Error Disclosed.**

On rehearing, nothing being presented that leads to the conclusion that the former disposition of the case was erroneous, the motion is overruled.

Appeal from the District Court of Morris County. Tried below before the Hon. R. T. Wilkinson, Judge.

Appeal from a conviction for rape, penalty five years in the penitentiary.

The opinion states the case.

No brief filed for appellant.

*A. A. Dawson*, State's Attorney, for the State.

HAWKINS, JUDGE.—The offense is statutory rape, punishment fixed at confinement in the penitentiary for a period of five years.

The subject of the alleged rape is Beatrice McCollough, a negro girl. She testified that in July, 1926, she was raped by the appellant by force. She did not disclose the rape until some time in October following. At that time she had syphilis in a stage advanced to a degree that, according to the doctors who testified, it was of at least six months' duration. According to her testimony and that of her mother and father, her age at the date of the alleged offense was less than fifteen years. There was other cogent testimony that at the time mentioned she was about the age of eighteen years.

Appellant testified that he had had intercourse with the prosecutrix many times; that the first occasion was in 1925, just before the 19th of June; that he did not give her syphilis; that he did not have it before having intercourse with her, but did develop it afterwards.

The indictment was returned October 20, 1926. The trial took place on April 18, 1927. A motion to continue the case was made and overruled. Explaining the delay in issuing subpoena, appellant, in his motion, said that the case being a capital one, he assumed that a special venire would be ordered and the case set for trial; that to his surprise the prosecution waived the death penalty and called the case for trial on April 18, without a previous setting. Upon that date, he caused the issuance for subpoenas for Larry Hatton and James Body. Attached to the motion for new trial is the affidavit of James Body, also that of Larry Hatton, each stating that he had many times had sexual intercourse with the prosecutrix, all being prior to September 20, 1926.

It is contemplated that the jury be selected from a special venire in a capital case. Art. 587, C. C. P., 1925. Primarily, it is the duty of the state to request the drawing of a special venire. Farrar v. State, 44 Tex. Crim. Rep. 236, 70 S. W. 209. The right to make such a demand is also possessed by the accused. Art. 588, C. C. P., 1925. This right may be demanded and enforced at the time the case is called for trial. Gonzales v. State, 88 Tex. Crim. Rep. 248. The right to the special venire would not be defeated by the statement of the prosecuting officer that he would waive the death penalty. Kerley v. State, 89 Tex. Crim. Rep. 199.

In the present instance, the record shows no complaint of the failure to furnish a special venire, nor does it show that one was demanded by the appellant. The statute being express in its terms that he might, before trial or at the time of the trial, demand a special venire, and the failure to do so being a voluntary act, his failure to use diligence in causing the issuance of subpoena for the witnesses would not be excused. It follows that as to the witness Body, who was not served, the application for a continuance shows a lack of diligence. However, the subpoena issued for the witness Hatton was served upon him on the same day that it was issued, and likewise the affidavit of the witness appears to have been made upon the same day that the subpoena was issued and returned. That is to say, the case was called for trial on the 18th day of April, 1927, a motion for a continuance was presented and overruled

on that day, subpoena for Hatton was issued, served and returned on that day, and his affidavit was taken upon the same day. On appeal, the action of the trial court in overruling the motion to continue is presumed correct unless the contrary be shown by bill of exceptions or motion for new trial. Applying this principle and rule of practice to the peculiar facts of the present record, it is believed that the presumption in favor of the correctness of the court's ruling must prevail. It affirmatively appearing that the witness Hatton was present in Morris County on the day of the trial, that at some time during that day his affidavit was taken and came into possession of the appellant or his attorneys, it is not made manifest that his attendance upon the trial could not have been secured by proper diligence. If after the application for a continuance was overruled, it was practicable to secure the attendance of the witness by the issuance of an attachment or another subpoena, diligence would have demanded such action. The facts last above stated support the inference that the witness Hatton was, within the knowledge of the appellant or his attorneys, within reach of process during the trial. With the record before this court in its present condition, the presumption in favor of the correctness of the court's ruling in overruling the motion for new trial is not overcome.

The judgment is affirmed.

*Affirmed.*

### ON MOTION FOR REHEARING.

HAWKINS, JUDGE.—We have carefully examined appellant's motion and again reviewed the record in the light of the motion, but have discovered nothing that leads us to the conclusion that the former disposition of the case was erroneous.

The motion for rehearing is overruled.

*Overruled.*