Gus Martin v. The State.

No. 12048.   Delivered May 22, 1929.

The opinion states the case.

*J. F. Cunningham* and *Oliver Cunningham* of Abilene, for appellant.

*A. A. Dawson* of Canton, State's Attorney, for the State.

CHRISTIAN, JUDGE.—The offense is murder; the punishment confinement in the penitentiary for five years.

Appellant owed deceased, A. W. Lyons, a sum of money. Appellant had given deceased an order for the money. The order had not been honored. Witnesses for appellant testified that deceased had said that if appellant didn't pay him "he was going to beat him up until his wife wouldn't know him." Appellant testified that this threat had been communicated to him. According to state's witnesses, appellant and deceased met on a street in the city of Abilene just prior to the difficulty. They shook hands. A discussion as to the amount of money due by appellant to deceased ensued. Appellant called deceased a liar. Whereupon deceased struck appellant and they fought. Appellant was knocked to his knees. While in this position deceased struck him several blows. Appellant procured a knife and stabbed deceased. Deceased ran to a nearby house. Appellant pursued him. Bystanders interfered and the difficulty terminated. Appellant denied that he called deceased a liar. He declared that deceased cursed him, knocked him to his knees and kicked him. He said he struck deceased with the knife to keep him from beating him to death.

Over proper and timely objection the court permitted the state to prove that deceased's general reputation for being law-abiding was good. Appellant insists that the ruling of the trial court offended against Article 1258 P. C., which reads as follows:

"Where a defendant accused of murder seeks to justify himself on the ground of threats against his own life, he may be permitted to introduce evidence of the threats made. * * * In every instance where proof of threats has been made, it shall be competent to introduce evidence of the general character of the deceased. *Such evidence shall extend only to an inquiry as to whether the deceased was a man of violent or dangerous character, or a man of kind and inoffensive disposition, or whether he was such a person as might reasonably be expected to execute a threat made.*"

Where one acccused of homicide relies upon self-defense as a justification and introduced evidence that he had been informed that his life had been threatened by the deceased, the state may meet such defensive testimony by evidence touching the character of the deceased. The inquiry would extend no further than the limiting clause of the statute above underscored. Proof that deceased was a law-abiding citizen is variant from the subject covered by Article 1258, supra. It has been held that proof that the deceased bore a good reputation of being a "peaceful" man was within the terms of the statute, the court regarding the terms "peace and quietude" as synonymous in substance with "kind and inoffensive." Richardson v. State, 253 S. W. 277. On motion for rehearing in Denson v. State, 298 S. W. 605, it was held that where evidence of communicated threats against the life of the appellant by the deceased had been introduced, proof that deceased was a law-abiding citizen in other particulars than that he was of kind and inoffensive disposition and not one who might reasonably be expected to execute the threat involved, would not be admissible. In the case last mentioned Presiding Judge Morrow said:

"The statute has been uniformly construed so that when one accused of homicide interposes self-defense as a justification and introduces evidence to the effect that he had been informed that his life has been threatened by the deceased, the state may meet such defensive testimony by evidence touching the character of the deceased. On the trial of the present case, the situation was such as opened the way for the state to invoke the operation of the statute mentioned. The privilege of the state, however, would extend no further than the limiting clause of the statute underscored above. See Plasters v. State, 1 Tex. App. 673, at page 683. Expressions in Berry v. State, 73 Tex. Cr. R. 203, 163 S. W. 964; Ghent v. State, 76 Tex. Cr. R. 523, 176 S. W. 566; Alexander v. State, 95

Tex. Cr. R. 497, 255 S. W. 408, are distinguished by the evidence under consideration in the cases mentioned and are not to be taken as ignoring the terms of the statute. In both the Ghent Case and the Berry Case, supra, the testimony to the effect that the deceased bore the reputation of a 'law-abiding citizen' was justified upon the evidence introduced by the accused other than specific threats to take his life. In Richardson's Case, 94 Tex. Cr. R. 616, 253 S. W. 277, the language challenged was 'that the general reputation of the deceased for peace and quietude was good.' The court regarded the language mentioned, namely, 'peace and quietude,' as synonymous in substance with 'kind and inoffensive.' * * * Any language in the original opinion, or in the other opinions to which reference has been made, which might be construed to mean that in a case like the present the character of the deceased might be attacked upon the ground that he was not a 'law-abiding citizen' or supported upon such ground in particulars variant from the subject covered by the statute mentioned (article 1258, P. C. 1925), is withdrawn."

The evidence in the case at bar did not justify the introduction by the state of proof that deceased bore the reputation of being a law-abiding citizen. It was by virtue of threats on the part of deceased against appellant that the operation of the statute mentioned was invoked. In permitting the state to extend the inquiry further than the limiting clause of the statute the learned trial judge fell into error. The issue of guilt was closely contested. Proof that appellant had killed a law-abiding citizen was calculated to create sympathy for the deceased. Where the issue of guilt is closely contested we would not feel authorized to hold that the erroneous admission of such evidence was not prejudicial. Not committing ourselves to the proposition that a reversal should follow in every case where evidence of the character mentioned was improperly admitted, we are of the opinion that under the facts presented here reversible error is shown.

For the error discussed, the judgment is reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.