PAUL HENDERSON V. THE STATE.

No. 21587. Delivered May 14, 1941.
Rehearing Denied June 27, 1941.

338

The opinion states the case.

*John J. Watts*, of Crane, for appellant.

*Spurgeon E. Bell*, State's Attorney, of Austin, for the State.

KRUEGER, Judge.

The conviction is for murder. The punishment assessed is confinement in the State penitentiary for a term of two years.

The testimony, briefly stated, shows that on the night of the fatal difficulty, appellant and the deceased met at what is known as the Bungalow, where they had some trouble but not of a serious nature. Appellant left, accompanied by a friend, went to his home, procured a pistol, and then went to what is known as the Blue Moon. After appellant and his friend arrived at the Blue Moon, he told Mr. Snorf (the proprietor) that he had had a fight with the deceased at the Bungalow; that he had whipped him all over the floor. In a very short time thereafter, the deceased appeared at the Blue Moon. He came to the front door, looked in and said to some of his companions, "Come on in, he is here." Mr. Snorf arose from his seat, walked toward the deceased and told him he would not permit any trouble in his place of business. About that time Sunshine Porter came up and said, "We don't want anything to happen here." Then Leonard Perry came up and while they stood there, deceased placed one hand on the shoulder of Snorf and the other hand on the shoulder of Perry, and while in that position he conversed for a moment; that when the deceased took his hands from the shoulders of the two men, appellant began shooting and fired four shots in rapid succession into the body of the deceased. After the deceased had fallen to the floor, appellant walked up to him, and seeing that he was not quite dead, fired another shot into his prostrate body. At the time of the shooting the deceased was in his shirt sleeves and had no weapon of any kind or character. These are in substance the salient facts occurring immediately preceding and at the time of the fatal shooting.

Appellant took the witness-stand and claimed that he shot the deceased in self-defense. He introduced evidence to show that the deceased was a high-tempered, dangerous and quarrelsome man, one who sought trouble and was calculated to carry his threats into execution.

Appellant filed a plea for suspended sentence in the event of a conviction.

Bill of Exception No. 1 reflects the following occurrence: Upon the motion of the District Attorney the court ordered the clerk to issue a special venire writ for seventy men whose names were drawn and placed on the writ, but the clerk, for some reasons unexplained by him, wrote the following words, "and thirty additional persons." The return, as made by the sheriff on the writ, shows that he only summoned the seventy persons whose names appeared thereon. When the case was called for trial, appellant, after announcing ready and upon call of the names of the special venire, proceeded with the examination and selection of the jurors until the ninth person had been examined, when suddenly he made an oral motion asking that the special venire be quashed because the court had only ordered the writ for seventy men, but that the clerk had inserted therein an additional thirty persons without stating their names. The court overruled the oral motion, to which appellant excepted. This bill is qualified by the trial court, who states in his qualification that appellant made no motion to quash the special venire writ until after nine of the seventy special veniremen named in the writ had been examined; that he overruled the motion, to which appellant excepted and then proceeded with the selection of the jury; that the jury was obtained from the seventy men whose names appeared on the writ. It occurs to us that if the unauthorized act of the clerk was any error, it was waived by the appellant when he proceeded with the trial of the case in the selection of the jury. In support of our conclusion upon the question, we refer to Houillion v. State, 3 Tex. Cr. App. 537, and Farrar v. State, 70 S. W. 209. The insertion in the writ by the clerk was not ordered by the court and had no more effect than if any other person had inserted the same therein. It, therefore, occurs to us that if there were any error, it is harmless under the facts disclosed by the bill.

By Bill of Exception No. 2 appellant complains because the State was permitted to prove that appellant had made a bet with deceased on a football game that had already been played and that appellant knew the score of the game at the time he made the bet with the deceased, to which he objected on the ground that the same was immaterial and irrelevant and shed no light upon the question as to whether or not appellant shot the deceased in self-defense. The objections were overruled and appellant excepted. This bill is also qualified by the court

who states in his qualification that the appellant, while testifying in his own behalf, testified to numerous altercations between himself and the deceased and the causes thereof; that on each occasion the same were unprovoked by the defendant; that on cross-examination the District Attorney inquired of appellant as to whether or not the ill-feeling between him and deceased was caused by the bet they made on the football game which the defendant knew had been played at the time of the making of the bet. It occurs to us that since the appellant went into these former difficulties and the cause thereof, the State was within its rights on cross-examination to explore the entire field and elicit all of the various difficulties, as well as the real cause thereof.

Bill of Exception No. 3 relates to a reprimand of counsel for appellant by the court in the presence of the jury. This bill is qualified by the court and the qualification shows that appellant's counsel and counsel for the State engaged in a number of verbal controversies in the presence of the jury; that in the course of these controversies the District Attorney told defendant's counsel to "shut up" after having been interrupted while addressing the court; that counsel for appellant persisted in interrupting the District Attorney and asking the court to excuse the jury and that the District Atorney be required to keep his mouth shut, whereupon the court made the following statement:

"Now, if you do not stop making those remarks I am going to fine you; those remarks are not proper remarks to be made."

We are not favorably impressed with the appellant's contention. It seems that both the District Attorney and the appellant's counsel did not conduct themselves in keeping with that respect for each other and the court that would ordinarily be expected from learned and intelligent men. However, in his ruling the court should not be discourteous to counsel either for the State or the defendant. If their conduct becomes intolerable, it would be better for the court to retire the jury and administer the reprimand in their absence. However, the bill under consideration, in the manner in which the matter is presented, fails to reflect any reversible error.

Bill of Exception No. 4 shows that what the defendant expected to prove by the witness Crites was clearly hearsay testimony. Hence we overrule this bill. See Branch's Ann. Tex. P. C., p. 1174, sec. 2094, and authorities there cited.

By bill of Exception No. 5 appellant complains because the mother of the deceased was permitted to testify that she had been living with her son all of his life and that he supported her. Appellant objected to this testimony upon the ground that it was immaterial and was not in rebuttal of any testimony offered by the defendant and was improper. This bill is also qualified by the court who states that the defendant testified on cross-examination that the county supported the mother of the deceased; that he (appellant) as well as other witnesses, had testified to the bad character of the deceased; that the court was of the opinion that the testimony was in rebuttal of that offered by the appellant. The record shows that when appellant, on cross-examination, was asked about the trouble over the bet on the football game he volunteered the information that he knew the county was supporting the deceased's mother. It occurs to us that since appellant opened the subject he should not be heard to complain when the State offered testimony in rebuttal thereof.

Bills of Exception Nos. 6 and 7 complain of the action of the trial court in overruling appellant's application for a continuance based upon the absence of L. Y. Perry, an eye-witness to the fatal difficulty and also G. F. (Bulldog) Berry, setting forth the matters which he expected to prove by each of said witnesses as well as the claimed materiality thereof. The court qualified each of said bills and in his qualification states that appellant, in his application for a continuance, failed to show any diligence whatever to procure the attendance of the witness Berry; that on the contrary, the evidence adduced upon the trial shows that the defendant knew in the month of November, 1940, that said witness was in the State of Illinois; that no effort was made by defendant to procure the testimony of said witness by deposition; that the application was wholly deficient in that it failed to show that the witness was not absent by the procurement and consent of the defendant, nor does it recite that there is no reasonable expectation that the attendance of the witness can be secured during the present term of court by a postponement of the trial to some future date; neither does it recite that defendant has a reasonable expectation of procuring the testimony at the next term of court. Appellant accepted each of the bills with the qualification thereto and is bound thereby. Consequently the bills fail to reflect any reversible error in the ruling of the court. Moreover, it seems that this was appellant's third application for a continuance.

By Bill of Exception No. 8 appellant complains of the action of the trial court in overruling his motion for a new trial in which he sets forth various grounds complained of in his bills of exception relating to the action of the court in overruling his motion to quash the special venire writ, the admission and rejection to testimony, the overruling of the motion for a continuance and certain remarks of the prosecuting attorneys in their argument to the jury, all of which are before us by proper bills of exception.

By Bills of Exception Nos. 9, 10 and 11 complaint is made of certain remarks made by counsel for the State in his argument to the jury. We have examined these bills with care and reached the conclusion that some of the statements complained of were just and reasonable deductions from the testimony, and the conduct of counsel, while others were invited by appellant's attorneys. That the arguments complained of were not of such a harmful nature as to have prejudicially affected the appellant's rights is evidenced by the verdict of the jury in assessing the lowest punishment prescribed by law for the offense.

Finding no error in the record, the judgment is affirmed.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

#### ON MOTION FOR REHEARING.

GRAVES, Judge.

Appellant in his motion complains because of a mistake in our original opinion wherein it was stated that appellant filed a plea for a suspended sentence. This statement is an error. No such plea is found in the record, and such statement will be retracted. The matter was not material in any event.

We have carefully again read all the facts, and considered the bills of exception in the record together with this motion. We think the original opinion has properly disposed of all matters appearing in the record, and no good purpose would be served in again writing upon the matters already properly disposed of in such opinion.

The motion will be overruled.