Ernest S. Goens, State's Atty., of Austin, for the State.

KRUEGER, Judge.

The offense is rape. The punishment assessed is confinement in the state penitentiary for a term of five years.

The record is before us without a statement of the facts proven on the trial.

There is but one bill of exception in the record which was prepared by the trial court because the bill on the subject prepared by appellant was found to be incorrect by the State's Attorney and the court. Whereupon, the court suggested to counsel for appellant that certain corrections be made, but appellant's counsel refused to agree to the corrections as suggested by the court. Thereupon the court endorsed thereon his refusal to approve the bill and returned it to appellant's counsel. The bill, as prepared and filed by the court, shows that at the conclusion of the State's evidence in chief and before appellant had offered any evidence in his behalf, he filed a written motion requesting that he be granted permission to personally make a statement to the jury of the nature of his defense and the facts which he expected to prove in support thereof. The trial court declined to permit appellant to do so, but informed counsel that he might make the opening statement, which his counsel declined to do. The trial court based his action in the matter complained of on Section 5 of Article 642, C.C.P., which provides as follows: "The nature of the defenses relied upon and the facts expected to be proved in their support shall be stated by defendant's counsel."

Under the provisions of the article quoted, appellant had the right by and through his counsel to make such statement, and this right the court accorded him, but he declined to avail himself thereof and insisted on doing so in person. No reason is assigned why his counsel, who was conducting his defense, could not have made the statement as well as appellant

might have done. No injury is shown to have resulted to appellant from the court's ruling, and none will be presumed under the circumstances here disclosed. In support of the opinion here expressed, we refer to the following authorities: McBride v. State, 110 Tex.Cr.R. 308, 7 S.W.2d 1091 (in motion for rehearing), and White v. State, 78 Tex.Cr.R. 216, 181 S.W. 192. Having reached the conclusion that no error is reflected by the bill, the same is overruled.

From what we have said, it follows that the judgment of the trial court should be affirmed, and it is so ordered.

PER CURIAM.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

**WAGNER v. STATE.**

No. 23132.

Court of Criminal Appeals of Texas.

May 16, 1945.

Ross Bohannon, of Brownwood, for appellant.

Ernest S. Goens, State's Atty., of Austin, for the State.

HAWKINS, Presiding Judge.

Conviction is for possessing whisky for the purpose of sale in dry area. Punishment, fine of $100.

No statement of facts or bills of exception are brought forward. Nothing is presented for review.

The judgment is affirmed.