HERMAN CLAUDE MOORE V. STATE

No. 28,144. March 7, 1956.

No attorney for appellant of record on appeal.

*Leon Douglas,* State's Attorney, Austin, for the state.

WOODLEY, Judge.

Appellant was charged by indictment jointly with others for the offense of robbery with firearms. Severance was ordered and, upon trial, appellant was adjudged to be guilty of robbery

with firearms and his punishment was assessed by the jury at 15 years in the penitentiary.

When the case was called for trial appellant objected to the selection of a jury from the regular panel drawn for the week and demanded a special venire. Thereupon the district attorney stated that the state was going to waive the death penalty, and the court made the following ruling.

"Well, in the first place I think if you wanted a special venire you could have asked for it before. You are well aware that you didn't make any application. Neither party has made it up to now, and you wait until the day set for trial before requesting it. The State announces in open Court that they waive the death penalty, so it is no longer a capital case."

A jury was then selected from the regular panel and evidence was heard.

The evidence is not before us, but the bill of exception certifies: "that the only character of assault established by the evidence was an assault made by using and exhibiting a firearm, to wit a rifle to the persons alleged to have been robbed of their money . . . "

We notice that the court, in his charge, submitted only the offense of ordinary robbery, the use of firearms not being mentioned and the jury being instructed in the event of conviction to assess the punishment at confinement in the penitentiary for life or for any term of years not less than five.

The punishment authorized by the charge is not applicable to the capital offense of robbery with firearms, but is applicable to ordinary robbery.

We might well conclude from the trial court's ruling and his charge that the waiver by the state was of the capital feature of the indictment, that is that the state waived the allegation as to the use of firearms thereby reducing the offense from robbery with firearms to ordinary robbery. But the jury's verdict, the judgment and sentence would appear to foreclose such conclusion.

The jury returned a verdict finding appellant guilty "as charged in the indictment," the judgment adjudged him guilty "of the offense of robbery by firearms, as found by the jury,"

and the sentence recites that upon such verdict and judgment he is to be confined in the penitentiary for the offense of robbery with firearms.

Our able state's attorney confesses error in the refusal of the trial court to grant appellant's request for a special venire, the indictment charging a capital felony, no part of the allegations of the indictment having been dismissed.

The record shows not only that appellant was charged by indictment with a capital offense, but that he stands convicted of such and that he was denied the right granted him by statute to have a special venire.

For the reason stated, the conviction must be set aside. Gonzales v. State, 88 Tex. Cr. R. 248, 226 S. W. 405; Farrar v. State, 44 Tex. Cr. R. 236, 70 S. W. 209; Hatton v. State, 109 Tex. Cr. R. 121, 3 S. W. 2d 87; Viley v. State, 92 Tex. Cr. R. 395, 244 S. W. 538.

The judgment is reversed and the cause remanded.