### Peter Cooper v. The State.

No. 722.   Decided November 30, 1910.

**Assault to Murder—Intent to Maim—Charge of Court.**

Where the indictment charged the defendant with an assault with intent to murder, and the court in submitting aggravated assault instructed the jury that an assault becomes aggravated when committed with a deadly weapon under circumstances not amounting to an intent to murder or maim, the evidence showing that the defendant shot at prosecutor, the same was reversible error.

Appeal from the District Court of Leon.   Tried below before the Hon. S. W. Dean.

Appeal from a conviction of assault with intent to murder; penalty, two years imprisonment in the penitentiary.

The testimony for the State showed that the prosecutor and defendant got into an altercation, in the course of which defendant struck at prosecutor with a stick, and then fired at him with a pistol while prosecutor was running away from defendant, but did not hit him either time.

No brief on file for appellant.

*John A. Mobley,* Assistant Attorney-General, for the State.

McCORD, Judge.—Appellant was convicted for assault with intent to murder, and his punishment was assessed at confinement in the penitentiary for a period of two years.

1.   Complaint is made of the following charge of the court: "An assault becomes aggravated when committed with a deadly weapon under circumstances not amounting to an intent to murder or maim." Substantially, the same objection is made to the eleventh paragraph of the court's charge, which is as follows: "Or if you find from the evidence beyond a reasonable doubt that the defendant on or about the time alleged in the indictment in Leon County, Texas, under circumstances not amounting to an intent to murder or maim with a pistol, the same being a deadly weapon, did unlawfully shoot at the said Norman Parks you will find him guilty of an aggravated assault, affixing the proper penalty therefor; or if you have a reasonable doubt as to the intent on the part of the defendant to murder or maim the said Norman Parks, you should not find defendant guilty of a higher grade of offense than that of an aggravated assault."

The indictment in this case charged the defendant with an assault with intent to murder.   If his intent was other than that of an assault with intent to murder he could not be convicted.   Assault to maim is a different offense from that of an assault with intent to murder, and if his purpose was only to maim the injured party he could not be convicted of an assault to murder.   Maiming has not been given the same definition in the different jurisdictions of this

country. Under our law maiming is to deprive a person of some member of his body, while in some jurisdictions crippling a person would be maiming. This charge, to our minds, had a tendency to confuse the minds of the jury, for suppose they had determined in their minds that the intent was not to murder, but to maim, yet under the charge of the court they would have been compelled to convict the defendant of assault with intent to murder. While maiming has a legal meaning and is thoroughly understood by the profession, yet the layman does not have that legal knowledge that would have enabled the jury to draw the distinction between the two offenses. We think that this character of charge was calculated to injure the defendant, and we are unwilling to give our sanction to the approval of such a charge in any case. We have been cited to the case of Railsback v. State, 53 Texas Crim. Rep., 543, as holding that this charge is not harmful. In that case it was held that an error in the definition of an offense becomes immaterial and not harmful where a proper charge was given in submitting an issuable fact upon which a conviction must rest. We think the doctrine as announced in the Railsback case, supra, is eminently correct, but here the vice is not only in the definition of an offense which is given, but also is carried forward and submitted as one of the issuable facts upon which the conviction must rest. We are, therefore, of opinion that the court was in error in framing the charge in the manner he did; that it was calculated to mislead the jury, and was such an error as calls for a reversal of the judgment. Simply because a man shoots at another does not necessarily make it an assault with intent to murder. We do not feel justified in establishing a precedent that may be followed in the future and result in bringing before this court questions where it is attempted to draw fine shades of distinction and under the claim that it was not hurtful to the defendant. There should be harmony in our jurisprudence and we feel that it would not be right to break away from long established precedents in order to sustain a conviction.

For the error pointed out the judgment is reversed and the cause is remanded.

*Reversed and remanded.*