Where defendant fails to file his statement of facts on appeal within the time allowed, it cannot be considered; and where no question is raised which the court, without the statement of facts, can review, the conviction must be affirmed.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 2890–2892; Dec. Dig. § 1106.*]

Appeal from District Court, Hardin County; L. B. Hightower, Judge.

Charles Phillip was convicted of murder in the second degree, and he appeals. Affirmed.

F. J. Duff and Jno. L. Little, for appellant. John A. Mobley, Asst. Atty. Gen., for the State.

RAMSEY, J. The appeal in this case is prosecuted from a conviction had in the dis-

trict court of Hardin county, on April 13th of this year, in which appellant was found guilty of murder in the second degree, and his punishment assessed at confinement in the penitentiary for a period of five years.

The record discloses that the term of court at which the conviction was had convened on the 28th day of March, and adjourned on the 30th day of April, 1910. On the overruling of appellant's motion for a new trial, 30 days after the adjournment of the court was allowed in which to file bills of exception and statement of facts. Thereafter, on May 27th, 30 days additional was allowed in which to file statement of facts and bills of exception. This time was to begin with the expiration of the first 30 days allowed by the court. On June 25, 1910, the following order was entered by the Hon. L. B. Hightower, judge of the Ninth judicial district: "For good cause shown the time for filing the statement of facts and bills of exception is hereby extended until July 15, 1910."

The statement of facts, as same comes to us, purports to have been filed on July 25, 1910, 10 days after the longest time authorized by law or by any order of the trial court. It is apparent that in this condition of the record the statement of facts cannot be considered. An inspection of the record further discloses the fact that there is no question raised on the appeal which, in the absence of a statement of facts, we are authorized to review.

It therefore follows that the judgment of conviction must be, and the same is hereby, in all things affirmed.

---

### COOPER v. STATE.

(Court of Criminal Appeals of Texas. Nov. 30, 1910.)

1. HOMICIDE (§ 310*)—ASSAULT WITH INTENT TO KILL—TRIAL—INSTRUCTIONS.

Defendant was tried for assault with intent to commit murder, and the court charged that "an assault becomes aggravated when committed with a deadly weapon under circumstances not amounting to an intent to murder or maim," and that, if there was a reasonable doubt as to the defendant's intent to murder or maim, the defendant was guilty of no higher offense than aggravated assault. Held, that the use of the word "maim," in conjunction with murder, had a tendency to confuse the jury, for if it was believed that defendant's intent was not to murder, but to maim, the jury would have been obliged to convict, and hence the instructions taken together were reversible error.

[Ed. Note.—For other cases, see Homicide, Cent. Dig. §§ 657–661; Dec. Dig. § 310.*]

2. WORDS AND PHRASES—"MAIMING."

"Maiming" is to deprive a person of some member of his body.

[Ed. Note.—For other definitions, see Words and Phrases, vol. 5, pp. 4275–4276.]

---

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key No. Series & Rep'r Indexes

3. HOMICIDE (§ 89*)—"ASSAULT WITH INTENT TO MURDER"—SHOOTING.

To shoot at another is not necessarily an assault with intent to murder.

[Ed. Note.—For other cases, see Homicide, Cent. Dig. §§ 115–118; Dec. Dig. § 89.*

For other definitions, see Words and Phrases, vol. 1, pp. 541–542, vol. 8, p. 7583.]

Appeal from District Court, Leon County; S. W. Dean, Judge.

Peter Cooper was convicted of assault with intent to murder, and he appeals. Reversed and remanded.

John A. Mobley, Asst. Atty. Gen., for the State.

McCORD, J. Appellant was convicted for assault with intent to murder, and his punishment was assessed at confinement in the penitentiary for a period of two years.

1. Complaint is made of the following charge of the court: "An assault becomes aggravated when committed with a deadly weapon under circumstances not amounting to an intent to murder or maim." Substantially the same objection is made to the eleventh paragraph of the court's charge, which is as follows: "Or if you find from the evidence beyond a reasonable doubt that the defendant on or about the time alleged in the indictment in Leon county, Tex., under circumstances not amounting to an intent to murder or maim with a pistol, the same being a deadly weapon, did unlawfully shoot at the said Norman Parks, you will find him guilty of an aggravated assault, affixing the proper penalty therefor, or, if you have a reasonable doubt as to the intent on the part of the defendant to murder or maim the said Norman Parks, you should not find defendant guilty of a higher grade of offense than that of an aggravated assault."

The indictment in this case charged the defendant with an assault with intent to murder. If his intent was other than that of an assault with intent to murder, he could not be convicted. Assault to maim is a different offense from that of an assault with intent to murder, and, if his purpose was only to maim the injured party, he could not be convicted of an assault to murder. Maiming has not been given the same definition in the different jurisdictions of this country. Under our law, maiming is to deprive a person of some member of his body, while in some jurisdictions crippling a person would be maiming. This charge, to our minds, had a tendency to confuse the minds of the jury, for, suppose they had determined in their minds that the intent was not to murder but to maim, yet under the charge of the court they would have been compelled to convict the defendant of assault with intent to murder. While maiming has a legal meaning and thoroughly understood by the profession, yet the layman does not have that legal knowledge that would have enabled him to draw the distinction between the two offenses. We think that this character of charge was calculated to injure the defendant, and we are unwilling to give our sanction to the approval of such a charge in any case. We have been cited to the case of Railsback v. State, 53 Tex. Cr. R. 543, 110 S. W. 916, as holding that this charge is not harmful. In that case it was held that an error in the definition of an offense becomes immaterial and not harmful where a proper charge was given in submitting an issuable fact upon which a conviction must rest. We think the doctrine as announced in the Railsback Case, supra, is eminently correct, but here the vice is not only in the definition of an offense which is given, but also is carried forward and submitted as one of the issuable facts upon which the conviction must rest. We are therefore of opinion that the court was in error in framing the charge in the manner he did, that it was calculated to mislead the jury, and was such an error as calls for a reversal of the judgment. Simply because a man shoots at another does not necessarily make it an assault with intent to murder. We do not feel justified in establishing a precedent that may be followed in the future and result in bringing before this court questions where it is attempted to draw fine shades of distinction and under the claim that it was not hurtful to the defendant. There should be harmony in our jurisprudence, and we feel that it would not be right to break away from long established precedents in order to sustain a conviction.

For the error pointed out, the judgment is reversed and the cause is remanded.