ED SMITH v. THE STATE.

No. 13218.   Delivered April 2, 1930.
Reported in 26 S. W. (2d) 1069.

The opinion states the case.

*Coke R. Stevenson* of Junction, *Max Blum* and *H. H. Sagebiel,* both of Fredericksburg, and *Morriss & Morriss* of San Antonio, for appellant.

*A. A. Dawson* of Canton, State's Attorney, for the State.

MARTIN, JUDGE.—The indictment was for assault to murder; the conviction was for aggravated assault; penalty, thirty days in jail and a fine of $1000.00.

Two witnesses hunting for cattle on appellant's premises came suddenly upon appellant and a companion butchering beeves. Appellant's companion waved them away. They testified that appellant shot at or towards them with a gun. The trial court submitted aggravated assault in the following language:

"Then, if you believe from the evidence, beyond a reasonable doubt, that the defendant, in the County of Mason, and State of Texas, on or about the 18th day of April, 1927, did rudely display and discharge a firearm, with the intent to frighten the said Jack Ivy and Tom Martin, in such manner as was reasonably calculated to produce that effect, and you further believe from the evidence, beyond a reasonable doubt, that the said Jack Ivy and Tom Martin were within shooting range of the firearm discharged, if any there was, you will find the defendant guilty of an aggravated assault, and assess his punishment at a fine of not less than twenty-five dollars nor more than one thousand dollars, or at imprisonment in the county jail not less than one month nor more than two years, or at both such fine and imprisonment as you may determine and state in your verdict."

Appellant contends that the facts thus submitted as the basis for aggravated assault constituted only a simple assault and that the quoted charge extended the penalty of a simple assault so as to make it punishable by a fine of as much as a thousand dollars and two years in jail. By the express terms of Art. 1141, Subdivision 3, P. C., "the use of any dangerous weapon, or the semblance thereof, in an angry or threatening manner, with intent to alarm another, and under circumstances calculated to effect that object, comes within the meaning of an assault." The Courts have many times held that an accused who unlawfully shoots a gun with intent to alarm or scare is only guilty of a simple assault. See discussion of rule in 4 Tex. Jur., Assault and Battery, Secs. 12 and 13, pp. 846–848. Many authorities are collated by Mr. Branch at page 916 of his Penal Code, among them Bean v. State, 49 S. W. 394; Mozee v. State, 51 S. W. 251; Smith v. State, 57 S. W. 949. See also following authorities which announce a similar doctrine: 5 C. J. 738, Sec. 214; Pearce v. State, 37 Tex. Crim. Rep. 643; Werner v. State, 68 S. W. 681; Catling v. State, 72 S. W. 853; Wright v. State, 77 S. W. 809; Pastrana v. State, 48 Tex. Crim. Rep. 224; Ivory v. State, 48 Tex. Crim. Rep. 279; Barnett v. State, 93 S. W. 722; Haygood v. State, 51 Tex. Crim. Rep. 618; Hall v. State, 105 S. W. 816; Trimble v. State, 57 Tex. Crim. Rep. 439; King v. State,

61 Tex. Crim. Rep. 427; Shuffield v. State, 62 Tex. Crim. Rep. 556; Hall v. State, 89 Tex. Crim. Rep. 254. These authorities plainly and conclusively settle the question in accordance with appellant's view.

The identity of the appellant as being the one who fired the shot was vigorously contested in the court below. He was seen by two witnesses only and testimony was offered to impeach one of these both by showing his bad reputation for truth and veracity and by showing contradictory statements made by him. In addition appellant introduced many witnesses who testified to his presence in McCulloch County on the date of the commission of the offense.

It is claimed that his defense of an alibi was insufficiently and negatively presented. While the charge is apparently of the character contended, we are not prepared to say that it necessarily constitutes reversible error. See Leahy v. State, 13 S. W. (2nd) 879; Boothe v. State, 4 Tex. Crim. App. 214. We suggest, however, on another trial that a charge on alibi be given in phraseology that has been many times aproved by this Court. See Jaggers v. State, 104 Tex. Crim. Rep. 177, and particularly Soria v. State, 203 S. W. 57, and authorities there cited.

For the error above discussed, the judgment is reversed and cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.