## S. L. RODDY v. THE STATE.

No. 20267. Delivered March 29, 1939.

The opinion states the case.

*Bartlett & Bartlett,* of Marlin, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—The offense is assault with intent to murder; the punishment, confinement in the penitentiary for two years.

Appellant had been moving a house for Ira Rowell. According to Rowell, appellant had refused to carry out his contract and he had remonstrated with him. A quarrel ensued and Rowell struck appellant in the face with his fist. Appellant then picked up a breast yoke and struck Rowell, at the same time calling to his sister to bring his gun. Rowell and his companions left the scene of the difficulty and hid behind some bushes. Upon

receiving the gun from his sister, appellant fired toward the bushes. None of the shots took effect.

It appears from the testimony of the State that Rowell was about fifty yards away from appellant when the shot was fired. Appellant testified that he called to his sister to bring his gun because Rowell had called to his companions to bring him a gun. Further, appellant testified: "I shot in the air to scare them and keep them from coming back. I shot to scare them and to keep them from coming back to kill me. I didn't intend to kill them or anything of that kind."

We gravely doubt the sufficiency of the evidence to support a conviction for assault with intent to murder.

We are of opinion that the court should have responded to appellant's exception to the charge and submitted an instruction covering the law of simple assault. Appellant's testimony to the effect that he shot in the air only to scare the injured party and his companions called for such an instruction. In Smith v. State, 26 S. W. (2d) 1096, we said: "The courts have many times held that an accused who unlawfully shoots a gun with intent to alarm or scare is only guilty of a simple assault." See, also, Branch's Ann. P. C., sec. 1537.

The judgment is reversed and the cause remanded.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.