## W. G. BURKS v. THE STATE.

No. 22201. Delivered November 4, 1942.

The opinion states the case.

*R. T. Wilkinson, Sr.,* of Mt. Vernon, for appellant.

*Spurgeon E. Bell,* State's Attorney, of Austin, for the State.

DAVIDSON, Judge.

Assault with intent to murder Tom Mitchell is the offense; the punishment, two years' confinement in the State penitentiary.

Appellant pleaded guilty, waived a trial by jury and submitted his case to the judge. He filed, and supported by proof, an application for a suspension of sentence.

The State's testimony showed that appellant, without justification or excuse, while about 75 feet from Mitchell, fired upon him with a shotgun. The shooting occurred at the depot platform in Mt. Vernon. As the shot was fired or was about to be fired, Mitchell jumped behind a baggage truck. Most of the shot from the gun took effect in or struck the standard of the baggage truck. One shot struck Mitchell's hat and another passed through his shirt sleeve. He was not otherwise struck, nor was any injury inflicted or sustained by him. After firing the shot, Mitchell advanced towards appellant, who fled.

Appellant testified, supporting his application for a suspension of sentence. He admitted his guilt and asserted that, if the judge would suspend his sentence, he would not again be guilty of violating the law.

Witnesses attested appellant's good reputation for being a peaceful and law-abiding citizen.

Upon cross-examination of the appellant, the State developed that, on the same day of the shooting, and only a short time prior thereto, appellant and Mitchell had a difficulty, in which the injured party "pulled out his knife right there *in front* of all those negroes and when he started toward me, with the

knife I ran in Mr. Gist's store. Yes sir, he started at me and was going to cut me down - - - - - and I ran - - -. Yes sir, I went on home because I was afraid of him."

The cross-examination further developed that, after the above mentioned occurrence, appellant went to his home, got the shotgun, and went to the depot. As to what then happened, the appellant further testified, upon cross-examination:

"No sir, I don't deny that I shot at that negro. Yes, I remember shooting at him. Yes sir, I remember everything that happened from the time I got that gun until I did shoot at him. No, I didn't see my mother or sister and didn't speak to them and they didn't speak to me. No sir, Elmer Burks didn't say anything to me. No, my own brother-in-law, Joe Ben Smith didn't plead with me. He was at home I guess, I didn't see him. No sir, he wasn't around the depot at all, I didn't see him. I didn't see him come down the road with my sister, who is his wife. Yes sir, I am telling the Court the truth about this. No sir I didn't drink no whiskey, I shot at him because he was coming toward me and I was scared. Yes sir, I thought he was going to hurt me. Yes, I thought he was going to knock me down, he had already run me."

"No sir, I wasn't shooting at Tom Mitchell to kill him, I was just shooting to scare him. No sir, I wasn't shooting right at his head. — — — — — — — — — — — — — — — — — — — — — — — — — — — — — — — — — — — — — — — — — — — — — — — — — — — — — — — — — — — — — — — — — — — — — — — I was scared of that negro when I shot him. — — — — — — — — No sir. I didn't get that gun and come back up town looking for him, I just accidentally come across Tom. No sir I didn't intend to shoot him — — — — — — — — — — — — — — — — I tell this Court that I didn't intend to shoot him, I just shot to scare him — — — — — — — — — — — — — — — — — — — — — — — — — — — — — — — — Yes sir, I shot at Tom Mitchell because I was scared of him."

The trial court rejected appellant's plea for a suspension of sentence and fixed his punishment as noted.

By a motion for new trial, appellant insisted that the judgment of conviction should not stand, for two reasons: (a) .because appellant was persuaded to enter his plea of guilty by reason of representations made to him that, if he did so, he would receive a suspended sentence; and (b) because the State, upon cross-examination of appellant, developed facts showing or tending to show that he was not guilty of the offense charged. We will consider only the second ground stated. The disposition made thereof renders unnecessary consideration of the first.

It has long been the established rule that a plea of guilty to a felony charge, before a jury, admits the existence of all facts necessary to establish guilt, and, in such cases, the introduction of testimony by the State is for the jury's benefit in fixing punishment. 12 Tex. Jur., Sec. 300, P. 638; 11 Texas Digest, p. 223, Sec. 273a and authorities there cited. This, however, is not the rule where a trial by jury is waived and a plea of guilty to a felony is entered before the trial judge. In such cases, the State is under the burden of introducing evidence sufficient to show the guilt of the accused as charged. Art. 12, C. C. P., as amended by Chapter 43, Acts 42nd Leg., 1931; Spivey v. State, 143 S. W. (2d) 386, 140 Tex. Cr. R. 107; Franklin v. State, 144 S. W. (2d) 581, 140 Tex. Cr. R. 251. The plea of guilty in such cases, while constituting an admission of guilt, does not authorize a conviction.

It is also well settled by the decisions of this court that, where a plea of guilty is entered in the trial of a felony, before a jury, and facts are introduced in evidence which make evident the innocence of the accused, the plea of guilty should be withdrawn and a plea of not guilty entered. Harris v. State, 172 S. W. 975, 76 Tex. Cr. R. 126; Taylor v. State, 227 S. W. 679, 88 Tex. Cr. R. 470; Yantis v. State, 255 S. W. 180, 95 Tex. Cr. R. 541; Aills v. State, 24 S. W. (2d) 1097, 114 Tex. Cr. R. 345; Villa v. State, 53 S. W. (2d) 1023, 122 Tex. Cr. R. 142; Thompson v. State, 77 S. W. (2d) 538, 127 Tex. Cr. R. 494; Edwards v. State, 114 S. W. (2d) 572, 134 Tex. Cr. R. 153; Navarro v. State, 147 S. W. (2d) 1081, 141 Tex. Cr. R. 196.

While the rule stated appears to have been applied in cases where the facts show or tend to show that the accused is insane, it is by no means limited to those cases. In the Harris case, supra, we said:

"If the defendant pleads guilty, and the facts should develop that he is not guilty, but acted purely in self-defense, it would be the duty of the court to see that no conviction was had, although a plea of guilty was entered."

In the Villa case, supra, where a plea of guilty was entered in a murder case, the accused testified to facts showing that he acted in self-defense. It was suggested that, under such circumstances, the better practice would be to have the plea of guilty withdrawn and the case concluded under a plea of not guilty.

In the light of adjudicated cases, the rule now appears to be that, where a plea of guilty is entered in a felony case, before a jury, and evidence is introduced which makes evident the innocence of the accused, or which reasonably and fairly raises an issue as to such fact, such evidence should be withdrawn or a plea of not guilty entered. At any and all events, the case should not proceed to final judgment under the plea of guilty.

The rule stated becomes material in construing the applicable provisions of Art. 12, C. C. P., relative to a plea of guilty where a trial by jury is waived. In the instant case, the State was under the burden of introducing evidence sufficient to show appellant guilty of the offense of assault with intent to murder. This burden was complied with by the testimony of Tom Mitchell and other witnesses. But, the State did not rest with this testimony; it went further, and, by its cross-examination of the appellant, developed facts showing: a previous difficulty between the parties, in which Mitchell pulled a knife on appellant; that he shot Mitchell because he was coming on him and he thought Mitchell was going to hurt him and knock him down; that he shot Mitchell with no intent to kill him.

If appellant shot Mitchell with no intent to kill him, he would not and could not be guilty of assault with intent to murder, because a specific intent to kill is an essential ingredient of that offense. Such is made so by the statute. Art. 1160, P. C.; McCoy v. State, 132 Tex. Cr. R. 45, 102 S. W. (2d) 206; Eagle v. State, 135 Tex. Cr. R. 606, 122 S. W. (2d) 304; Griffith v. State, 142 Tex. Cr. R. 304, 152 S. W. (2d) 349.

The question for our determination, then, is whether the facts so placed in evidence by the State make evident the inno-

cence of the appellant, or reasonably and fairly present such an issue of fact.

The instrument with which the assault is committed may be looked to in determining the grade of assault. Ordinarily, when an assault is committed with a deadly weapon, the intent to kill may be inferred. Branch's P. C., Sec. 1636; Hawkins v. State, 115 Tex. Cr. R. 163, 29 S. W. (2d) 384. The instrument used in the instant case being a shotgun, it was, in the manner used, a deadly weapon per se. But to shoot at another with a gun does not necessarily constitute an assault with a deadly weapon or an assault with intent to murder. The shot must be fired under such circumstances as are reasonably calculated to produce the result intended. Hence if the intended victim be at such a distance as to be out of range of the gun, the intent to kill may be lacking. Cooper v. State, 132 S. W. 355, 60 Tex. Cr. R. 411; Jackson v. State, 114 S. W. 136, 54 Tex. Cr. R. 605.

Touching the question at issue, we find: that appellant fired at Mitchell with a shotgun at a distance of 75 feet, the shot pattern from which, upon reaching Mitchell, had spread sufficiently that one of the shot penetrated the hat while another entered the sleeve; that Mitchell was not injured; that, after the shot had been fired, appellant fled, notwithstanding the fact that Mitchell advanced towards him; that appellant testified that he did not intend to kill Mitchell when he shot him.

The conclusion is reached that the evidence here presented fairly and reasonably raised the lack of intent on the part of appellant to kill Mitchell. Roddy v. State, 126 S. W. (2d) 669, 136 Tex. Cr. R. 496.

Under such a state of facts, was the trial judge authorized to render the judgment of conviction in this case?

A construction of Chapter 43, Acts 42nd Legislature, 1931 (hereafter referred to as the amendment), is called for.

The amendment, in so far as it authorized one accused of a felony to waive a trial by jury, was held valid by this court in McMillan v. State, 122 Tex. Cr. R. 583, 57 S. W. (2d) 125.

On the other hand, a trial by jury in a felony case cannot be waived where a plea of not guilty is entered. Art. 11, C. C. P.

At the time of the passage of the amendment, and long prior thereto, the rule heretofore mentioned, requiring a plea of guilty to be withdrawn and a plea of not guilty entered when facts were received in evidence making evident the innocence of accused, was an established rule of procedure in this State. The amendment contains no provision evidencing the legislative intent that the rule stated is not to be applied in pleas of guilty before a trial judge. The amendment and rule are, therefore, to be construed together; and, when so construed, it now appears to be the settled law of this State that one accused of a felony less than capital may, under his plea of guilty, waive a trial by jury and his punishment may be fixed by the trial judge, provided: (a) the State introduces evidence sufficient to show the accused guilty of the offense charged; and (b) no facts are received in evidence making evident the innocence of the accused, or which reasonably and fairly present such an issue of fact. Unless the facts bring the case within the rule stated, the trial judge is without authority to render a judgment finding the accused guilty, because, if the State fails to show the guilt of the accused, no conviction can follow; and, if evidence be received showing the accused to be innocent of the offense charged, then the plea of guilty is supplanted by the entry of a plea of not guilty, in which event the trial judge is without authority to determine the guilt of the accused.

From what has been said, we conclude that, under the facts as here presented, the trial judge was without authority to find appellant guilty of the offense here charged.

The judgment is reversed and the cause is remanded.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.