WILLIAM HOWARD v. STATE

No. 27,705. October 19, 1955

C. C. Divine, Houston, for appellant.

Dan Walton, District Attorney, Eugene Brady and Thomas D. White, Assistants District Attorney, and Leon Douglas, State's Attorney, Austin, for the state.

MORRISON, Presiding Judge.

The offense is robbery; the punishment, 25 years.

The injured party Johnson testified that he was attending his grocery store on the night in question, that his wife and a youthful customer were also present when the appellant and his companion entered the store, that the appellant pointed a pistol at him and informed him that he was being held up and appellant's companion pushed him away from the cash register, that at this moment his wife escaped through the rear of the

store, and when the appellant went after her he himself ran out of the store and down the street. Johnson stated that after he had gone a short distance the appellant passed him in a red and black 1953 model Buick driving at a high rate of speed, that he returned to his store and found that $80.00 was missing from the cash register and that he later identified the appellant in a police lineup.

Mrs. Johnson corroborated her husband's testimony, identified the appellant, and told of having called the police after her escape from the store.

Officer Foster testified that he arrested the appellant sometime after the robbery in a red and black 1953 model Buick.

The appellant did not testify in his own behalf, but offered some witnesses whose testimony sought to raise the issue of alibi.

The jury resolved this disputed issue against the appellant, and we find the evidence sufficient to support the conviction.

We shall discuss the contentions raised in the appellant's brief.

By Bill of Exception No. 1 the appellant complains of the refusal of the trial court to allow him to waive a jury and be tried before the court on his plea of not guilty. Appellant admits that the case of McMillan v. State, 122 Texas Cr. Rep. 583, 57 S.W. 2d 125, holds against his contention but asks us to re-examine such holding and now hold that Articles 11 and 12, C.C.P., are unconstitutional in that they deprive him of his choice of being tried with or without a jury upon a plea of not guilty.

We have concluded that the legislature had the right under the Constitution to provide that a jury should be empaneled to try all felonies where a plea of not guilty is entered. Burks v. State, 145 Texas Cr. Rep. 15, 165 S.W. 2d 460.

We are not here confronted with the question of whether a charge on circumstantial evidence should have been given because none was requested.

Finding no reversible error, the judgment of the trial court is affirmed.