**Frank Granville MELTON, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 35790.**

Court of Criminal Appeals of Texas.

May 15, 1963.

Ronald R. Waldie, Richard S. Geiger, Dallas, for appellant.

Henry Wade, Dist. Atty., James H. Miller, Stephen Guittard and Emmett Colvin, Jr., Dallas, and Leon B. Douglas, State's Atty., Austin, for the State.

McDONALD, Judge.

The offense is assault, with intent to murder with malice; the punishment, confinement in the penitentiary for seven years.

Appellant contends that the trial court was in error in refusing his requested charge on simple assault. If there was evidence from any source to support such a charge, it should have been given.

The appellant testified that he was riding along a Dallas street late at night with a young friend. A car pulled in behind him, with its lights on bright, and followed him for some distance, staying within a few feet of his rear bumper. He testified that he thought it was a police car; that he pulled over and began to slow down; that the car passed him, turned at the next intersection and stopped; that he then stopped and the car backed up to him. There were three large boys in the car. He related that some "pretty nasty words" were used by the boys in the other automobile and that they were the aggressors throughout the entire transaction. He stated that he took out a pistol from the glove compartment between the seats and pointed it out the window. He further testified that, fearing a fight, he fired four or five shots over the other car, because "I was hoping it would scare them off, and that would be all there was to it."

As stated in Roddy v. State, 136 Tex.Cr. R. 496, 126 S.W.2d 669:

"We are of opinion that the court should have responded to appellant's exception to the charge and submitted an instruction covering the law of simple assault. Appellant's testimony to the effect that he shot in the air only

to scare the injured party and his companions called for such an instruction. In Smith v. State, 114 Tex.Cr.R. 534, 26 S.W.2d 1069, we said: 'The courts have many times held that an accused who unlawfully shoots a gun with intent to alarm or scare is only guilty of a simple assault.' * * *"

See also cases cited in Smith, supra, and Crowley v. State, 146 Tex.Cr.R. 269, 174 S.W.2d 321.

The judgment is reversed and the cause remanded.