**Vidal M. GONZALES, Jr., Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 41201.**

Court of Criminal Appeals of Texas.

April 10, 1968.

Cutler & Epps by Ray Epps, Houston, for appellant.

Carol S. Vance, Dist. Atty., Joseph W. Doucette and Thomas C. Dunn, Asst. Dist. Attys., Houston, and Leon B. Douglas, State's Atty., Austin, for the State.

## OPINION

MORRISON, Judge.

The offense is murder with malice; the punishment, eight years.

Appellant's first ground of error is that the court erred in charging the jury on murder with malice because the facts did not warrant such a submission. Though there is no conflict in the testimony, a rather detailed recitation of the facts is required. Four men were involved in this difficulty which occurred at midnight on a Saturday in the down town section of the city of Houston. Deceased and his companion Horn were traveling in a 1966 Mustang automobile. Appellant and his companion Guzman were riding in a much older automobile. Deceased and Horn challenged appellant and Guzman to a "drag" and when they failed to comply, deceased and Horn addressed some opprobrious epithets toward appellant and Guzman. At this juncture appellant secured from the floorboard an M–1 rifle which he had recently loaded, and fired two shots in the direction of the Mustang. One shot hit the top of the rear fender of the Mustang and exited in the floorboard of the trunk. The trajectory was downward and would have hit a passenger in the Mustang if it had been fired when the two automobiles were abreast. The second shot entered the right front window vent of the Mustang, shattered, and fragments of the bullet creased Horn's head and struck deceased in the neck and head. The Mustang then crashed into a warehouse wall, and the appellant's automobile continued on its way. Sometime thereafter Guzman threw the M–1 rifle into the bayou. When being questioned by detectives, appellant reported to them that the shots which hit the Mustang had been fired from an automobile which was ahead of the one he was driving. Horn was asleep at the time and remembered nothing of what happened.

Guzman testified for the State and appellant in his own behalf, but there is no conflict in their account of the transaction. They both stated that just prior to the time appellant fired the two shots he stated that he intended to scare the occupants of the Mustang.

The main thrust of appellant's contention is that since all the testimony which was available showed that appellant stated that his purpose in firing the rifle was to scare the occupants of the Mustang, this is a case of simple assault only and that therefore his conviction for murder with malice cannot be sustained. He relies in main upon the opinions of this Court in Parks v. State, 131 Tex.Cr.R. 464, 99 S.W.2d 943, and Ely v. State, 139 Tex.Cr.R. 520, 141 S.W.2d 626. Parks was an off-duty peace officer who was repeatedly assaulted without provocation by an ex-prize fighter. Parks fired twice, once in the air, and it was only after the deceased failed to heed Parks' entreaty not to hit him any further that Parks shot directly at the deceased. Two able judges of this Court found that malice on the part of Parks had not been shown.

Though not without some difficulty, we are able to distinguish the facts in Parks with those in the case at bar. At the outset we point to the fact that neither the deceased or Horn made any assault upon appellant. The most they did was to challenge appellant to a race and then curse him and his companion when the challenge was not accepted.

Ely was unlawfully arrested by the deceased and killed the deceased as a final effort to extricate himself and his companion from such unlawful arrest. Just as in Parks, there had been direct physical conflict between the parties, while in the case at bar the deceased and Horn had never gotten out of the Mustang or made any direct threats toward appellant.

Parks and Ely, supra, have been distinguished by this Court in Walker v. State, 160 Tex.Cr.R. 361, 268 S.W.2d 464.

Melton v. State, Tex.Cr.App., 367 S.W.2d 678, also relied upon by appellant is easily distinguishable in that the indictment there charged assault with intent, not murder as in this case, and the conviction was reversed because of the refusal of the trial court to charge on simple assault. Such a charge was given in the case at bar. Roddy v. State, 136 Tex.Cr.R. 496, 126 S.W.2d 669, and Smith v. State, 114 Tex.Cr.R. 534, 26 S.W.2d 1069, are both distinguishable just as Melton v. State, supra.

In Banks v. State, 85 Tex.Cr.R. 165, 211 S.W. 217, 5 A.L.R. 600, this Court held that the wanton firing of a gun into a moving railroad train constituted an act which showed "a heart regardless of social duty and fatally bent on mischief."

In Bell v. State, Tex.Cr.App., 398 S.W.2d 133, this Court said:

"It has long been the rule in this state that proof of the intentional shooting of one with a rifle is sufficient to authorize the jury to find that the shooting was actuated by malice."

While it is true that there had been prior difficulties between appellant and deceased in Bell and none were shown in the case at bar, we have concluded that the point blank firing of a rifle into a passing automobile following no more provocation than we have in the case at bar is sufficient to demonstrate that malice exists.

Appellant's last contention is that the court erred in declining to charge on self defense. In a far stronger case than the one at bar this Court held in Johnson v. State, 167 Tex.Cr.R. 289, 319 S.W.2d 720, that a charge on the appellant's right to defend against a milder attack was not called for where the evidence only showed that the deceased was preparing to make an attack. See also Curry v. State, 156 Tex. Cr.R. 379, 242 S.W.2d 421. There is no showing in this record that the occupants of the Mustang were even preparing to attack appellant or his companion Guzman.

Finding the evidence sufficient to support the conviction and no reversible error appearing, the judgment is affirmed.