**Harold Eugene EDWARDS, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 43474.**

Court of Criminal Appeals of Texas.

March 3, 1971.

Glenn Hausenfluck, Fort Worth, for appellant.

Frank Coffey, Dist. Atty., Truman Power, Asst. Dist. Atty., Fort Worth, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

ONION, Presiding Judge.

This is an appeal from a conviction for burglary with the punishment assessed at five years.

On February 6, 1970, the appellant waived trial by jury and entered a plea of guilty before the court at which time he was duly admonished of the consequences of his plea.

Article 1.15, Vernon's Ann.C.C.P., requires that upon such a plea before the court it shall be necessary for the State to introduce evidence showing the guilt of the defendant and no person can be convicted upon his plea "without sufficient evidence to support the same." A plea of guilty before the court in a non-capital felony case constitutes an admission of guilt but it alone does not authorize conviction when a jury trial is waived. The burden remains upon the State to introduce

sufficient evidence to show the guilt of the accused and all necessary elements of the offense. Hesbrook v. State, 149 Tex.Cr.R. 310, 194 S.W.2d 260, 262; Burks v. State, 145 Tex.Cr.R. 15, 165 S.W.2d 460.

It is appellant's sole contention on appeal that the evidence offered by the State in support of the guilty plea was insufficient since it did not reflect that appellant broke and entered a "house" as defined by Article 1395, Vernon's Ann.P.C.

Article 1395, supra, provides as follows:

"A 'house' within the meaning of this chapter, is any building or structure erected for public or private use, whether the property of the United States, or this State, or of any public or private corporation or association, or of any individual, and of whatever material it may be constructed."

All the evidence was stipulated upon appellant's plea of guilty after a written waiver by the appellant of the appearance, confrontation and cross-examination of the witnesses.

It was stipulated that complaining witness Woods would testify he owned a "place of business" at 2515 Southwest Jefferson Street in Grand Prairie, Tarrant County, Texas; that he closed his "place of business" on July 30, 1969, at 10 p. m.; that this place was a "beer tavern" and "inside" he had coin-operated machines, cartons of cigarettes and cases of beer; that at approximately 4:15 a. m. on July 31, 1969, upon receiving a call he went to his "place of business" and going "inside" he discovered cartons of cigarettes which had been behind the bar stacked up in beer cartons near the "front door." He further found money had been removed from the coin-operated machines which had been pried open; that he did not give the appellant permission to break into his "place of business" and that he determined the "business" had been entered by prying on the rear door with some hard object, the door having been locked some hours before.

It was further shown by stipulation that Officer Cantrell of the Grand Prairie Police Department would testify he received a call that a "burglary" was in progress at "Mr. Woods' place" and he proceeded there at approximately 3:50 a. m. and upon arriving found a "rear door" open and went "inside" and discovered two men hiding behind a bar, one of whom was the appellant. Appellant was then placed under arrest.

We find no catch-all stipulation that all the allegations of the indictment are true and correct.

As the State concedes, the evidence does not expressly refer to a "house." And in Smart v. State, 115 Tex.Cr.R. 147, 27 S.W. 2d 813, it held that evidence reflecting a burglary of a "place" of a witness was not sufficient to sustain a conviction under an indictment charging breaking into a house as "place" expresses simply locality and not kind.

We have, however, something more here than "place" or "place of business." The evidence reflects that the "place" was a beer tavern with a front and rear door with an "inside" where certain items were kept. The evidence reflects that the lock on the rear door was forced and entry was obtained at this point.

In connection with the statutory definition of a house it has been written that:

"The ownership and the materials of which it is constructed are of no importance. The word is to be given a comprehensive meaning.

"Fixed connection with the soil or permanency of location is not in itself determinative of what constitutes a house within the purview of the burglary statutes, but rather these matters combined with the use being made of the structure. Accordingly, the term may include a hotel, store, public auditorium, church, storage building, barn, office, tent, walk-in refrigerator, smokehouse, and even a fruit stand." 10 Tex.Jur.2d,

Burglary, Sec. 11, pp. 171, 172. See also 78 A.L.R.2d 778.

Since Article 1395 does not enumerate buildings and structures to be encompassed by the term "house," courts have consulted dictionaries for the purpose of determining the meaning of the term. See Anderson v. State, 17 Tex.App. 305; Favro v. State, 39 Tex.Cr.R. 452, 46 S.W. 932.

"Tavern" is defined by Black's Law Dictionary, De Luxe Fourth Edition, as follows:

"A place of entertainment; a house kept up for the accommodation of strangers. Originally, a house for the retailing of liquors to be drunk on the spot. Waitt Const. Co. v. Chase, 197 App.Div. 327, 188 N.Y.S. 589, 592; City of Birmingham v. Bollas, 209 Ala. 512, 96 So. 591, 592."

Under the circumstances presented, we conclude the evidence sufficient to show a burglary of a "house" and to sustain appellant's plea of guilty.

The judgment is affirmed.