**Ralph Stone BENAVIDES, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 04–81–00465–CR.**

Court of Appeals of Texas,
San Antonio.

May 9, 1984.

Don Fidler, San Antonio, for appellant.

Sam Milsap, Jr., Dist. Atty., Edward F. Shaughnessy, III, Asst. Dist. Atty., San Antonio, for appellee.

## OPINION

*On State's Motion for Rehearing*

CADENA, Chief Justice.

The State's motion for rehearing is granted. The opinion previously filed in this cause is withdrawn and the following opinion is substituted for the prior opinion.

Appellant, Ralph Stone Benavides, appeals from a conviction, following a plea of guilty, for unlawfully carrying a weapon on licensed premises. His punishment was assessed at ten years' confinement.

Appellant's sole point of error is that the evidence is insufficient to support the conviction because there is no evidence that "the premises in question was licensed or issued a permit by the State for the sale or service of alcoholic beverages on the date of the alleged offense." The original opinion by a panel of this Court agreed with this contention and reversed the judgment of the trial court and ordered appellant discharged. An examination of the record reveals that there is no merit to appellant's contention. We, therefore, affirm the conviction.

The proceedings in connection with the plea of guilty show:

1. All the required admonitions were given and appellant and his counsel signed an instrument waiving formal arraignment and trial by jury. This instrument recites

that appellant was pleading guilty because he was guilty and for no other reason.

2. The instrument also recites that appellant's plea of guilty was entered without any consideration of fear; that he had not been threatened or promised anything in return for pleading guilty; and that he understood that the court was not bound by any agreement between the State or the defense, and himself.

Appellant raises no question concerning the propriety of the proceedings connected with the entry of his plea of guilty. An examination of the record establishes that all required admonitions were given and the plea of guilty was entered freely and voluntarily and that appellant pleaded guilty solely because he was guilty. The waivers of formal arraignment and jury trial also comply with all the statutory and constitutional requirements.

The record contains a written stipulation signed by appellant and his counsel, sworn to by appellant and approved by the trial judge. This instrument initially waives appellant's right to be confronted by the witnesses against him and waives the right to cross-examination of such witnesses, all of whom are named in the stipulation. Appellant, together with his attorney, agreed to the introduction of testimony on behalf of the State by affidavits, written statements of witnesses and any other documentary evidence. He also agreed that such affidavits, and written statements, all of which are attached as exhibits to the stipulation, might be considered as part of the Statement of Facts, "and that such stipulated evidence is true and correct." One of the exhibits attached to the stipulation is the police report filed by Officer Guerra which states that the premises in question, the Godfather Club, "has [the report is dated on the same date as the date of the charged offense] mixed beverage Lic. # 122221 and late hours mixed beverage Lic. # 112222...." This stipulation also recites:

I, Ralph Stone Benavides, do judicially confess and admit that in Bexar County, Texas, on the 28th day of November,

1979, I Ralph Stone Benavides did then and there knowingly and intentionally carry on and about my person a gun, on premises licensed and issued a permit by the State of Texas for sale and service of alcoholic beverages, namely: The Godfather's Club, located at 1703 N. St. Mary's Street, San Antonio, Bexar County, Texas, . . .

This judicial confession tracks the language of the indictment, and the written stipulation further recites that all the acts and allegations in the indictment "charging the offense ... are true and correct."

In the face of the written stipulation that the facts recited in the officer's report are true and correct, and particularly in view of the appellant's judicial confession, there is no basis for holding that the evidence is insufficient to support the conviction. *See Potts v. State*, 571 S.W.2d 180 (Tex.Cr.App.1978) (judicial confession sufficient to support conviction after plea of guilty; *Adam v. State*, 490 S.W.2d 189 (Tex.Cr.App.1973) (judicial confession alone supports conviction).

The judgment of the trial court is affirmed.

CANTU, J., not participating.

TIJERINA, Justice, dissenting.

I respectfully dissent from the en banc opinion. The controlling issue is whether the Godfather Club was a licensed premise on November 28, 1979, the date of the offense. Admittedly, Officer Guerra's report dated November 28th, stated that: "The Godfather Club has mixed beverage Lic. # 112221 and late hours mix beverage Lic. # 112222 to Albert Gamboa ..." but the offense report does not state that the licenses were in effect at the date and time in question. Thus, we conclude that the police officer's report does not establish that there was a license in effect on the premises on the date of the offense.

Secondly, the defendant's confession that he intentionally carried on or about his

person a gun, on premises licensed and *issued a permit by the State of Texas for sale and service of alcoholic beverages* was effectively rebutted by the State. The State introduced into evidence the affidavit of the assistant administrator of the State Commission which issues such licenses. This officer from the Texas Alcoholic Beverage Commission swears that the "licenses" were issued to the Godfather Club on December 11, 1979, and there is no evidence in this record to indicate that those licenses issued December 11, 1979, were renewals of existing permits that were in effect on the date of the offense. The defendant cannot possibly know what "licenses" were in effect on the premises and we cannot ignore *the statement*[1] *of the State assistant administrator that he searched the records and all he found was a license issued December 11, 1979.* The burden of proof is not on the defendant but on the State. The State had the burden to prove that the premise was licensed and issued the permits by the State of Texas for sale and service of alcoholic beverages. *This is what was charged in the indictment and, therefore, must be proven by competent evidence.* Officer Guerra nor the defendant by his confession were competent to testify that the licenses and permits were issued by the State of Texas for the sale and service of alcoholic beverages. The only reasonable assumption would be that the license and permits had expired.

TEX.CODE CRIM.PROC.ANN. art. 1.15 (Vernon 1977) mandates that in a non-jury, non-capital felony trial, it shall be necessary for the State to introduce evidence into the record showing the guilt of the defendant and said evidence shall be accepted by the court as the basis for its judgment and *in no event shall a person charged be convicted upon his plea without sufficient evidence to support the same.* (Emphasis added). In *Edwards v. State,* 463 S.W.2d 733, 733–34 (Tex.Cr.App. 1971), the Court of Criminal Appeals wrote:

A plea of guilty before the court in a non-capital felony case constitutes an admission of guilt but it alone does not authorize conviction where a jury trial is waived. The burden remains upon the State to introduce sufficient evidence to show the guilt of the accused and all necessary elements of the offense. *Hesbrook v. State,* 149 Tex.Cr.R. 310, 194 S.W.2d 260, 262; *Burks v. State,* 145 Tex.Cr.R. 15, 165 S.W.2d 460.

*Accord Dinnery v. State,* 592 S.W.2d 343, 351 (Tex.Cr.App.1980) (on rehearing on court's own motion); *Barrett v. State,* 547 S.W.2d 604, 605 (Tex.Cr.App.1977) (and citations therein); *Jones v. State,* 505 S.W.2d 903, 907 (Tex.Cr.App.1974).

The burden is upon the State to establish all essential elements of the offense charged; for the failure of the State to establish an essential element, the judgment must be reversed. *Rodriguez v. State,* 548 S.W.2d 26, 30 (Tex.Cr.App.1977). It is an essential element of the offense of unlawfully carrying a weapon on licensed

---

1. The statement reads, in pertinent part, as follows:

 \*     \*     \*     \*     \*     \*

BEFORE ME, the undersigned authority, this day personally appeared Joe Darnall, Assistant Administrator for the Texas Alcoholic Beverage Commission, to me well known, and who, after being by me duly sworn, deposes and says:

THAT my name is Joe Darnall, and I am Assistant Administrator for the Texas Alcoholic Beverage Commission with offices on the second floor of the Jefferson Building, 1600 W. 38th, Austin, Texas. As Assistant Administrator, in the absence of the Administrator, I am custodian of all the records and files of the Texas Alcoholic Beverage Commission. In the absence of the Administrator, *I have this day examined the License and Permit files of this Department, and after a diligent search of the records, find that the said records show that Mixed Beverage permit MB 112221 and Mixed Beverage Late Hours Permit LB 112222 were issued to Albert B. Gamboa, d/b/a The Godfather, 1703 N. St. Marys Street, San Antonio, Bexar County, Texas by the Texas Alcoholic Beverage Commission on the 11th day of December, 1979.* A true and correct copy of the said permits is attached hereto to be made a part hereof.

After a diligent search of the records, I find no record of any suspensions against the said Mixed Beverage permit MB 112221 and Mixed Beverage Late Hours Permit LB 112222.

 \*     \*     \*     \*     \*     \*

[Emphasis added.]

premises to prove that the premises were licensed or issued a permit on the date which is alleged in the indictment. TEX. PENAL CODE ANN. § 46.02(c) (Vernon 1974). The plea of guilty of appellant did not authorize conviction for the offense alleged in the indictment. *Edwards v. State*, 463 S.W.2d at 733–34. The burden remained upon the State to introduce sufficient evidence to show all essential elements of the offense charged. *Id.* at 733–34. The State had the burden to prove that the premises were licensed on the date alleged in the indictment but the stipulated testimony clearly proved that the mixed beverage permit was not issued until the 11th day of December, 1979. Thus, I would reverse the judgment and order the appellant discharged. *Greene v. Massey*, 437 U.S. 19, 98 S.Ct. 2151, 57 L.Ed.2d 15 (1978).