WR-83,045-01,02,03
COURT OF CRIMINAL APPEALS
AUSTIN, TEXAS
Transmitted 5/14/2015 1:06:42 AM
Accepted 5/14/2015 8:13:04 AM
ABEL ACOSTA
CLERK

# Dr. Gary L. Leonard, JD
## *Attorney & Counselor at Law*



**The College**
*of the*
STATE BAR OF TEXAS
*Professionalism Through Education*

RECEIVED
COURT OF CRIMINAL APPEALS
5/14/2015
ABEL ACOSTA, CLERK

May 14, 2015

Court of Criminal Appeals
P.O. Box 12308
Austin, Texas 78711

Re:     WR-83,045-01; WR-83,045-02; and WR-83,045-03
        *Ex parte* James Gordon Leonard, Applicant

### AMICUS LETTER IN SUPPORT OF (*SUA SPONTE*) REHEARING UNDER TEXAS RULES OF APPELLATE PROCEDURE 79.2(d)

To the Honorable Justices of the Court of Criminal Appeals:

This Amicus letter is being written in support of the proposition that this court should hold a *sua sponte* rehearing on James Gordon Leonard's application for writ of habeas corpus, pursuant to the Texas Rules of Appellate Procedure 79.2 (d).

I am the younger brother of Mr. Leonard and while I am writing this Amicus letter on his behalf, I am also writing as an officer of the court. Mr. Leonard's application for writ of habeas corpus in each of the above referenced cases present issues that could have an impact on the criminal jurisprudence of this state.

Texas law is ancient and well-established on the following issues:

1.      A plea of guilty is an admission of guilt of the offense charged, *but it does not authorize a conviction* in a bench trial upon such plea *unless*



6414 Pinewood Trace Ln. ● Houston, Texas 77041-7239
(832) 243-9733  ● (832) 201-8398 [*fax*] ● email: glleonard@glleonardlaw.com

F:\Appeals - Active\Leonard, James\Amicus Letter to Court of Criminal Appeals.wpd

*there is evidence offered* to support such plea and the judgment to be entered. *Dinnery v. State*, 592 S.W.2d 343, 351 (Tex.Crim.App. 1979)(op. on reh'g) citing Article 1.15, V.A.C.C.P.; *Burks v. State*, 145 Tex.Cr.R. 15, 165 S.W.2d 460 (1942); *Edwards v. State*, 463 S.W.2d 733 (Tex.Cr.App.1971); Hoskins v. State, [425 S.W.2d 825 (Tex. Crim.App. 1967)].

2.     A plea of guilty is not evidence. *Garza v. State*, 878 S.W.2d 213 (Tex.App.– Corpus Christi 1994, pet. ref'd).

3.     The plea of "guilty" to an indictment amounts to nothing more than an acknowledgment of the facts charged; and whether such facts constitute an offense is left open to be decided by the court. *Crow v. State*, 6 Tex. 334 (Tex. 1851).

4.     The State is required to introduce supporting evidence that "embraces every essential element of the offense charged." *Stone v. State*, 919 S.W.2d 424, 427 (Tex.Crim.App. 1996).

5.     [I]t now appears to be the settled law of this state that one accused of a felony less than capital may, under his plea of guilty, waive a trial by jury and his punishment may be fixed by the trial judge, provided: (a) *the State introduces evidence sufficient to show the accused guilty of the offense charged*; and (b) no facts are received in evidence making evident the innocence of the accused, or which reasonably and fairly present such as an issue of fact. Unless the facts bring the case within the rule stated, the trial judge is without authority to render a judgment finding the accused guilty, because, *if the State fails to show the guilt of the accused, no conviction can follow*. *Burks v. State*, 145 Tex.Cr.R. at 22, 165 S.W.2d at 464. (Emphasis added.)

6.     A void order is the equivalent of no order and it cannot be enforced in any respect. "A void order has no force or effect and confers no rights; it is a mere nullity. *Slaughter v. Qualls*, 139 Tex. 340, 345, 162 S.W.2d 671, 674 (1942)."

At Mr. Leonard's plea hearing the State rested without putting on *any*

evidence of *any* aspect of *any* part of *any* of the indictments against him. The trial



court simply took judicial notice of a portion of the Admonishments form, which had not been offered into evidence by either party. The section labeled "judicial confession" only stated the following:

> I admit and judicially confess that I am the same person named in the charging instrument and I committed the offense as charged or included in the charging instrument including any amendments or modifications thereto.[1]

This does not indicate that Mr. Leonard was testifying that the indictment or charging instrument was "true and correct." It is establishes no evidence of his guilt.

To maintain public confidence in the criminal justice system in Texas, it is paramount that this Court, as the highest criminal court of review in the state, remain true to the Texas tradition of honor, fairness, and justice under the law.

The trial court was without jurisdiction to defer adjudication and order community supervision because the state failed to present any evidence at the plea hearing to establish Mr. Leonard's guilt as to each element of each indicted crime. *"[I]f the State fails to show the guilt of the accused, no conviction can follow. Burks v. State*, 145 Tex.Cr.R. at 22, 165 S.W.2d at 464. (Emphasis added.) The trial court was obligated after the State rested without presenting any evidence to withdraw Mr. Leonard's guilty plea and enter a plea of not guilty. *Burks v. State*, 145 Tex.Cr.R. at 19, 165 S.W.2d at 463.

---

[1] (CF4 at 68)(CF5 at 50)(CF6 at 112) CF is Charging Form.

6414 Pinewood Trace Ln. ● Houston, Texas 77041-7239
(832) 243-9733 ● (832) 201-8398 [*fax*] ● email: glleonard@glleonardlaw.com

F:\Appeals - Active\Leonard, James\Amicus Letter to Court of Criminal Appeals.wpd

The trial court's order deferring adjudication and ordering community supervision is void. Because it is void, all of the orders emanating out of that order are also void, including without limitation his arrest and detention without bond, and his current incarceration.

It is important to the jurisprudence of this state and to the sanctity of our criminal justice system that no person is incarcerated for any amount of time, let alone for a term of his life, based upon a void order.

I respectfully pray that this Court, on its own motion, choose to rehear Mr. Leonard's applications for writ of habeas corpus in the above cases. I further ask that this Court request further briefing to argue the issues pointed out in this Amicus letter and in Mr. Leonard's memorandum in support of the Court's *sua sponte* motion for rehearing. If additional briefing is requested, I would respectfully ask this Court to please allow me to submit an Amicus brief.

Sincerely,

Gary L. Leonard,
*Attorney & Counselor at Law*
SBO T No.: 12209300

I certify under penalty of perjury that this day I have served a copy of this Amicus letter on the State's Attorney, Cynthia W. Hellstern, Assistant Dist. Attorney, 109 S. Jackson St., Waxahachie, TX 75165, via the electronic filing system.

Gary L. Leonard



F:\Appeals - Active\Leonard, James\Amicus Letter to Court of Criminal Appeals.wpd